207 N.J. Super. 157 (1985)
504 A.2d 59
COLLECTIVE FEDERAL SAVINGS AND LOAN ASSOCIATION, A CORPORATION OF THE UNITED STATES OF AMERICA, PLAINTIFF,
v.
JOSEPH D. TOLAND, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division Cape May County.
October 25, 1985.
*158 Joseph E. Robertson for plaintiff.
Richard T. Goodkin for defendant Joseph D. Toland (Gorman & Goodkin, attorneys).
RIMM, J.T.C. (temporarily assigned).
In this foreclosure action the only remaining dispute is whether the attorney for plaintiff is entitled to an allowance of *159 attorney's fees upon tender of the full amount of principal and interest prior to the entry of judgment. There are no reported cases on the issue, but, although the amount involved in the present case is relatively small, the court is given to understand that the issue frequently presents itself in mortgage foreclosure actions.
Default having occurred in the mortgage held by plaintiff in this matter, a complaint in foreclosure was filed on January 30, 1985. On February 13, 1985 a notice of lis pendens in the pending foreclosure action was filed in the office of the Clerk of Cape May County. Defendant, Margaret T. Toland, was served with process in the matter, but defendant, Joseph D. Toland, was never served. Counsel for plaintiff was then requested to supply a pay-off statement, the property having been sold by defendants, Toland. Counsel for plaintiff advised that, as of June 6, 1985, there would be due for principal and interest the sum of $33,890.08, exclusive of costs and attorney's fees. Plaintiff's attorney demanded, in addition to the payment of principal and interest, fees and costs in the total amount of $750, including actual out-of-pocket costs of $209.92. This resulted in an attorney's fee of $540.08.[1] Defendants' counsel at the time objected to the charge for costs and attorney's fees, but plaintiff's attorney advised that if the $750 was not paid, in addition to principal and interest, the mortgage would not be discharged of record, the foreclosure action would be completed and sheriff's sale would be scheduled.
On June 3, 1985 a settlement took place in the Cape May County office of Chelsea Title and Guarantee Company at which time the Tolands conveyed the property. In order to complete the settlement, the settlement officer sent a check made payable to counsel for plaintiff in the amount of $750 with a notation that the fees were being paid under protest. *160 The mortgage was subsequently discharged of record, and the matter is presently before the court on defendants' motion for return to defendants of the attorney's fees paid under protest. There is no dispute that plaintiff is entitled to its costs in the amount of $209.92.
Defendants argue that attorney's fees in a foreclosure action are governed by R. 4:42-9(a)(4) which provides for the calculation of fees on all sums adjudged to be paid to plaintiff. Since no judgment was entered, defendants argue that no attorney's fees may be allowed.
Plaintiff counters with three arguments. It refers to the provisions of the note and the mortgage which are the subject of the litigation. Both documents provide for reasonable costs and counsel fees. Secondly, plaintiff argues that the allowance of fees and costs in accordance with the rule of court is in addition to any fees due and payable prior to the entry of judgment. Finally, it argues that, once there is a default in the payment of a mortgage, the mortgagee may bring a foreclosure action and, if it saw fit to do so, continue the foreclosure action to judgment and sheriff's sale, regardless of the prior sale of the premises by the owner and tender of payment of the mortgage balance in full. The point of this argument made by plaintiff is that it could refuse payment, enter judgment and have costs taxed, including attorney's fees. Such an argument is completely without merit and it is rejected out of hand. No court of equity, on proper application, would permit a mortgagee to refuse payment of the entire mortgage debt in full, including interest, on its demand that it be permitted to complete the foreclosure action to the entry of judgment and sheriff's sale.
The contention that the allowance of fees in this foreclosure action is governed by the contractural relation between the parties as set forth in the note and mortgage is also rejected. In Coastal State Bank v. Colonial Wood Products, Inc., 172 N.J. Super. 320 (App.Div. 1980), the court held that the *161 court rule, not the contractual provisions in the note and the mortgage, controls the allowance of attorney's fees in an action to foreclose a mortgage as opposed to a suit on the note.
The dispute is then resolved by specific reference to R. 4:42-9, Counsel Fees. That court rule provides that "[n]o fee for legal services shall be allowed in the taxed costs or otherwise, except" and there then follow certain exceptions including the allowance of attorney's fees in an action for the foreclosure of a mortgage. R. 4:42-9(a)(4).
The purpose of the rule was to memorialize the general American rule that attorney's fees are not allowed to the prevailing party in litigation, except as expressly provided for by law. Gerhardt v. Continental Ins. Co., 48 N.J. 291, 301 (1966). The rule seeks to avoid discouraging litigants from bringing meritorious causes of action and to avoid "the kinds of abuses and favoritism which tainted the former chancery system.... [T]he imposition of counsel fees as a sanction against litigants who prosecute or defend in bad faith would also raise serious problems of adjudication almost necessarily requiring protracted collateral hearings for the purpose of determining a litigant's motivations." Pressler, Current N.J. Court Rules, Comment R. 4:42-9 (1985).
Our Supreme Court has, as indicated, concluded that there is an exception to the general rule for an action to foreclose a mortgage. In such actions, counsel fees are allowed on all sums adjudged to be paid to a plaintiff in accordance with the formula set forth in the rule. R. 4:42-9(a)(4). The purpose of the rule is to allow a prevailing plaintiff in a foreclosure action to obtain counsel fees, contrary to the general American rule, and to limit the amount of such counsel fees. The rule makes eminent good sense in the market place. It encourages the making of mortgage loans and permits New Jersey borrowers to compete more effectively for mortgage funds, even from out-of-state lenders, because lenders know they will recover all or a part of their attorney's fees if forced *162 to foreclose a mortgage.[2] Under such circumstances, it is not contrary to the public policy of this State, as expressed in the rules of court and in the cases, to allow a fee when, as in the present case, there has been a payment in full of a mortgage during a pending foreclosure action. It does no violence to the rules to make some allowance for attorney's fees, when, as here, plaintiff was forced not only to institute a foreclosure action, but its attorney cooperated with defendants to allow them time to pay their mortgage loan.
The allowance of an attorney's fee is not punishment for defending against an action. In fact, defendants did not answer the complaint in the present case. The allowance is an attempt to make the mortgagee whole in the same manner and for the same reasons that the rule provides for fees upon the entry of judgment. In any event, given the existence of the rule, and the distinct possibility that every foreclosure action, once commenced, may result in the entry of a judgment, a defaulting mortgagor always faces the possibility of paying attorney's fees in accordance with the rule.
In view of the exception to the general rule on the allowance of attorney's fees set forth in R. 4:42-9(a)(4) for mortgage foreclosure actions, an attorney's fee may be charged after the commencement of a foreclosure action and upon payment of the mortgage balance in full prior to the entry of final judgment. The sense of the rule makes such a charge proper. Compare this with the concept of the "equity of the statute" rule, Dvorkin v. Dover Tp., 29 N.J. 303, 315 (1959), and statutory interpretation consonant with public policy, Ayres v. Dauchert, 130 N.J. Super. 522, 532 (App.Div. 1974). In the event of a dispute between the parties on the issue, application can be made for review and court approval of the requested fee as was done in this case, and the built-in safeguards of the rule *163 will prevent abuses. No fee should be allowed in excess of the maximum provided for in the rule. See Coastal State Bank v. Colonial Wood Products, Inc., supra.
Based on the court's review of the facts of this case set forth in the papers filed with the court, both for and against the motion, plaintiff's attorney will be allowed an attorney's fee of $300 for his time and effort spent on the matter. The excess of fees in plaintiff's possession will be refunded to defendants. There is no dispute as to actual out-of-pocket costs in the amount of $209.92 which will be retained by plaintiff. Counsel for defendants on this motion will submit an appropriate five-day order.
NOTES
[1] If final judgment had been entered, an attorney's fee of $488.90 would have been allowed under R. 4:42-9(a)(4).
[2] The court expresses no opinion on the amount of the allowance for which the rule provides.