210 N.J. Super. 585 (1986)
510 A.2d 286
VIRGINIA LEVINE A/K/A VIRGINIA LEE, PLAINTIFF,
v.
ALAN LEVINE A/K/A LONDON LEE, DEFENDANT.
THE RAMAPO BANK, PLAINTIFF,
v.
VIRGINIA LEVINE A/K/A VIRGINIA LEE, ALAN LEVINE A/K/A LONDON LEE, HER HUSBAND, HAL DARNELL, VICTOR K. BROWN, UNITED STATES OF AMERICA, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Family Part and Law Division Bergen County.
Decided February 24, 1986.
Honig & Friedrich, attorneys, for plaintiff Virginia Levine (Robert M. Schwartz, on the brief).
*586 Breitenstein & Browne, attorneys, for defendant Alan Levine.
Ravin, Greenberg & Zackin, for plaintiff The Ramapo Bank. (Gary N. Marks, on the brief).
KRAFTE, J.S.C.
Plaintiff Ramapo Bank's mortgage foreclosure action against defendants Virginia Levine and Alan Levine was consolidated with defendants' pending matrimonial action. In August 1985, plaintiff's motion for summary judgment against defendants was granted. Presently before this court is plaintiff's application for additional counsel fees in excess of the limits prescribed by R. 4:42-9(a)(4). No reported decision has thus far construed this "excess fee" provision of the Rule. It is addressed now.
The Rule provides a formula by which counsel fees in a mortgage foreclosure action are to be calculated. Employing the formula, the Bank would be entitled to $3,012.90 in counsel fees. This figure is not disputed. The within application, however, seeks an award of $19,195.
It is the Bank's contention that, primarily because of the pending matrimonial action, what would otherwise have been a routine foreclosure action has become an atypical proceeding. It is alleged that although a default was entered in 1983, defendants (particularly the wife) engaged in a course of conduct and procedural maneuvering designed to delay and frustrate plaintiff's rights under the law. In 1984, defendant wife had the earlier default set aside and proceeded with discovery for nearly two years. The Bank consistently objected to the requested discovery always contending that they were mere "fishing expeditions" and now points out that their complete position was vindicated inasmuch as the end result was the entry of default against defendants and summary judgment in favor of the Bank. The Bank thus claims that it would be inequitable, under these circumstances, to limit its counsel fees to the maximum prescribed by the Rule, and that it is entitled *587 to an amount in excess thereof because of the unnecessary delays caused by defendants.
Naturally, both defendants object to the award of additional fees. Each points to the other as being at fault for the substantial amounts incurred by plaintiff Bank. Wife alleges that husband made misrepresentations to induce the Bank originally to make the loan, and that although a default was eventually entered, her claims and discovery requests were not frivolous. Husband denies any responsibility for the additional fees, claiming that the procedural delays in the foreclosure action were brought about by wife and her attorney.
Plaintiff's application is based on the proposition that R. 4:42-9(a)(4) affords the court discretion to award fees in excess of the fixed percentage formula. The Rule provides:
(a) Actions in Which Fee is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except * * *
(4) In an action for the foreclosure of a mortgage, the allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff amounting to $5,000 or less, at the rate of 3 1/2%, provided, however, that in any action a minimum fee of $75 shall be allowed; upon the excess over $5,000 and up to $10,000 at the rate of 1 1/2%; and upon the excess over $10,000 at the rate of 1%, provided that in no case shall the allowance exceed $7,500, except upon application supported by affidavit of services. Emphasis supplied.
It is upon the above exception that the Bank relies for its assertion that, under special circumstances, the court has discretion to award excess fees.
Upon careful reading of the Rule, however, it is evident that plaintiff's interpretation is erroneous. The language is clear that counsel fees must be computed as a percentage of monies due in the action: 3 1/2% on the first $5,000, 1 1/2% on the next $5,000 and 1% on the excess over $10,000. There is no discretion permitted in calculating this figure.
The Rule goes on to provide that "in no case shall the allowance of counsel fees exceed $7,500, except upon application supported by affidavit of services." This proviso immediately follows the formula for calculation of fees. Thus, after *588 computing fees according to the formula, a "cap" of $7,500 is mandated.
The exception to the Rule, which permits an application for additional fees, is an exception to the proviso regarding a $7,500 cap, after having calculated fees pursuant to the formula. In other words, fees must first be computed by the fixed percentages, and that sum shall not exceed $7,500, except upon special application.
It is clear that there is no room for discretion in the formula. Nor is there discretion allowed in setting a maximum of $7,500, the language of the Rule being the mandatory "shall". The only point at which the court is given discretion is when the amount reached pursuant to the formula exceeds the cap. Thereafter, the court may entertain an application for those additional fees between the cap and the amount arrived at by formula. The exception which gives the court discretion is an exception to the proviso, not an exception to the rule.
In the instant matter, plaintiff's fees pursuant to the mandatory formula would be $3,012.90. It does not meet the threshold $7,500 cap, above which the court's discretion would be triggered. The interpretation urged by plaintiff would ignore the proviso mandating a maximum, and would in effect permit awards of additional fees at the court's discretion at any time, regardless of the amount reached by using the formula. This would cause the proviso clause and cap to become meaningless and, at all times, subject to discretionary modification by the court, thereby reactivating the historical abuses which this entire rule amendment sought to correct.
This court finds plaintiff's reading of the Rule to be contrary to its clear language. Whether the Rule should be modified to provide for fees above the formulated sums in situations such as this are beyond this court's jurisdiction.
Fees of $3,012.90 are awarded.