As such, the Superior Court of New Jersey had jurisdiction to issue the order enforcing litigant's rights and therefore, that order is affirmed.

Affirmed.

THE FARMERS & MERCHANTS NATIONAL BANK OF BRIDGETON, PLAINTIFF, v. ABE COTLER, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Cumberland County

Decided January 14, 1988.

*Keron D. Chance* for plaintiff (*Chance & McCann*, attorneys).

*Cosmo A. Giovinazzi, III* for defendant Abe Cotler (*Gruccio, Pepper, Giovinazzi & DeSanto*, attorneys).

PORRECA, J.S.C.

Defendants move to vacate a judgment for attorney's fees awarded pursuant to *R.* 4:42–9(a)(4).[1] The only other opinion interpreting this provision of the rule reached a contrary conclusion. *Levine v. Levine,* 210 *N.J.Super.* 585 (Ch.Div.1986).

The underlying action arose out of a foreclosure suit based on a 1979 mortgage note executed by defendants Abe and Dorothy Cotler (Cotler) in favor of plaintiff, Farmers and Merchants National Bank of Bridgeton (Farmers). Cotler defaulted on the mortgage and then, on July 10, 1981, filed for protection under chapter 11 of the United States Bankruptcy Code. Farmers intervened in the bankruptcy action and obtained relief from the automatic stay that had been entered in the Bankruptcy Court. On August 25, 1981, Farmers filed a proof of claim representing the debt secured by the mortgage. Delays occurred as a result of divorce proceedings pending between the Cotlers. Abe Cotler filed an application for authorization to enter into a contract to indemnify Dorothy Cotler against obligations arising from the execution of any mortgages. On April 28, 1986, Judge Wizmur of the United States Bankruptcy Court signed an order vacating the automatic stay. On June 2, 1987, judgment was entered in favor of Farmers for the sum of $90,683.79, which included interest, costs and attorneys fees of $12,055.54. Farmers contends fees in excess of the rule's percentages were warranted because the companion

---

[1]*R.* 4:42–9 provides as follows:

Counsel Fees

(a) Actions in Which Fee is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except

. . . .

(4) *In an action for the foreclosure of a mortgage,* the allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff amounting to $5,000 or less, at the rate of 3½%, provided, however, that in any action a minimum fee of $75 shall be allowed; upon the excess over $5,000 and up to $10,000 at the rate of 1½%; and upon the excess over $10,000 at the rate of 1%, provided that in no case shall the allowance exceed $7,500, except upon application supported by affidavit of services.

matrimonial action elevated the routine foreclosure action into an atypical proceeding. A $50,000 payment was subtracted from the total debt of $90,683.79, leaving $40,683.79 as the amount due.

Cotler moves before this court to vacate the judgment of June 2, 1987 as being improper due to excessive attorney's fees. Cotler contends that Farmers did not comply with *R.* 4:42–9(a)(4) in that: (1) the amount exceeded the limit fixed by the rule as interpreted by *Levine, supra;* and (2) in any event, no affidavit of services was provided as required. Farmers concedes it must file an affidavit of services but insists the allowance is not limited to the percentages fixed by the rule.

Therefore, the sole issue presented to the court is whether a counsel fee awarded pursuant to *R.* 4:42–9(a)(4) may exceed $7500, even though the sum to be paid plaintiff is less than $735,000, or, put another way: is it only in those cases that the amount due plaintiff in a foreclosure suit exceeds $735,000 that a court has any discretion to assess against defendant a fee in excess of the percentages fixed in the rule?

If the analysis of *Levine, supra* is followed, no plaintiff who forecloses a mortgage, on which the balance to be paid plaintiff is less than $735,000, may apply for or be awarded a fee in excess of $7500. This restriction would prevail regardless of the complexity of the foreclosure or the amount of work involved in bringing the litigation to a successful conclusion. The court would be stripped of any discretion until the amount due plaintiff, calculated according to the rule, exceeded $7500. This court cannot conclude that the rule was intended to work such a result. The philosophy that counsel fees should not be assessed against vanquished litigants is deeply imbedded in our legal system. The rule and the reasons for it are well expressed in *Collective Fed. S. & L. Ass'n v. Toland,* 207 *N.J.Super.* 157 (Ch.Div.1985). Therefore, to award a counsel fee to a successful litigant is an exception to long-standing, court-articulated public policy. That being so, there must be important

reasons for the exception. Those reasons are also set forth with succinct clarity in *Collective Fed. S. & L. Ass'n:*

> [t]he rule makes eminent good sense in the market place. It encourages the making of mortgage loans and permits New Jersey borrowers to compete more effectively for mortgage funds, even from out-of-state lenders, because lenders know they will recover all or a part of their attorney's fees if forced to foreclose a mortgage. [*Id.* at 161]

Recognizing that these are the forces that moved the rule maker to allow fees in foreclosure actions; and recognizing that frequently the work involved in, and the complexity of, litigation is not proportionate to the sum involved, the rule maker built in an escape hatch designed to allow for those cases in which boilerplate paperwork and paralegal processing were not adequate to foreclose the mortgage. Routinely, foreclosures are concluded by default judgment with fees calculated by the clerk of the court limited to $7500. *Coastal State Bank v. Colonial Wood Products, Inc.,* 172 *N.J.Super.* 320, 322 (App. Div.1980). Acknowledgment of that fact and the observation in *Pressler, Current N.J. Court Rules,* Comment *R.* 4:42–9(a)(4) that:

> [t]he Rule was amended ... to prohibit a fee in excess of $7500.00 except on special application supported by an affidavit of services

lead this court to conclude that a plaintiff may apply to the court for a fee in excess of $7500, regardless of the sum adjudged to be paid to plaintiff.

To hold otherwise would: (1) create an unreasonable, arbitrary and artificial restriction on the award of fees in cases where fees are specifically allowed; (2) undermine the rule's purpose to encourage the making of loans in a competitive climate; and (3) give greater weight and deference to the grammatical construction of the rule, than the obvious and sensible meaning required to effectuate its underlying purpose.

Therefore, in this case, where the sum due plaintiff was less than $100,000, Farmers may apply for a fee in excess of the rule's percentages. Such application must include a detailed

affidavit of work performed and the award, if any, will be in the court's sound discretion.