238 N.J. Super. 279 (1989)
569 A.2d 849
SOMERSET TRUST COMPANY, PLAINTIFF,
v.
WILLIAM STERNBERG AND HARRIET STERNBERG, HUSBAND AND WIFE, AND AMERICAN TRANSFER, INC., DEFENDANTS.
Superior Court of New Jersey, Chancery Division Somerset County.
Decided November 28, 1989.
*280 Thomas C. Miller, for plaintiff (Welaj and Miller, attorneys).
Steven B. Lieberman, for defendants William and Harriet Sternberg (Bowers, Murphy, O'Brien & Lieberman, attorneys).

OPINION
DIANA, A.J.S.C.
Plaintiff, Somerset Trust Company by notice of motion seeks an order directing defendants, William Sternberg and Harriet Sternberg, to pay to plaintiff reasonable litigation costs and reasonable attorney fees pursuant to N.J.S.A. 2A:15-59.1. This matter presents an issue about which we have found no reported decision; namely, whether a plaintiff mortgagee which has *281 been awarded counsel fees in a foreclosure action pursuant to R. 4:42-9 is further entitled to an award of litigation costs and attorney fees under N.J.S.A. 2A:15-59.1 for those "additional expenses" incurred as a result of a frivolous defense filed by a defendant mortgagor. For the reasons expressed herein, we find that the plaintiff mortgagee is entitled to an award under N.J.S.A. 2A:15-59.1.
The underlying action involves a foreclosure suit in which final judgment of foreclosure has previously been entered in plaintiff's favor. A brief recitation of the relevant events occurring prior to the entry of final judgment is necessary. Default having occurred on a 1986 mortgage and note held by plaintiff, a complaint in foreclosure was filed on February 15, 1989. Thereafter, defendant mortgagors filed a timely answer. By reason of the answer filed, the action was transferred from the Office of Foreclosure to this Court to proceed as a contested matter.
On or about May 2, 1989, plaintiff mortgagee served a request for admissions upon defendants. Plaintiff specifically requested defendants to admit that they were in default of the terms of the mortgage and note which were the subjects of the foreclosure action. Defendants failed to respond to this request within the 30 days prescribed by R. 4:22-1.
Plaintiff filed a motion seeking summary judgment in its favor, and, on August 18, 1989, after finding that defendants' answer contained no legal or equitable defenses, this Court entered an order striking the pleading. The matter was transferred back to the Office of Foreclosure and, thereafter, proceeded on an uncontested basis. On October 5, 1989, Final Judgment was entered in plaintiff's favor against defendants, William and Harriet Sternberg. Plaintiff now makes this application.
In pertinent part, N.J.S.A. 2A:15-59.1 states:
a. A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and *282 reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
It is plaintiff's contention that the defense asserted in this action satisfies the requirement that the pleading was "frivolous" as required by the terms of N.J.S.A. 2A:15-59.1. Plaintiff argues, therefore, that it is entitled to reasonable litigation costs and attorney fees.
Included in plaintiff's moving papers is counsels' certification of the time expended, services performed and costs incurred. Plaintiff seeks attorney fees of $3,525 (28.2 hours at $125 per hour) and litigation expenses in the amount of $351.10.
In opposition to this application, defendants concede that, "for the purposes of argument," the statutory criteria of N.J.S.A. 2A:15-59.1 have, in fact, been met, but still insist plaintiff's motion must be denied.
Defendants' argument focuses on their assertion that "[t]he purpose of the statute is to penalize a party who has needlessly caused another to incur additional expenses or attorney fees." Defendants claim that the vast majority of the attorney fees and costs set forth in the certification of plaintiff's counsel would, indeed, have been incurred by plaintiff notwithstanding the fact that an answer was filed.
Specifically, defendants refer to counsel's certification and maintain that the fees and costs incurred prior to the date on which they filed their answer cannot be considered to have been incurred as a result of the defense interposed. Defendants further contend that services rendered by plaintiff's attorney with respect to proposals to sell the mortgaged premises to a third party, in fact, were not necessitated by the asserted frivolous defense. Finally, it is claimed that all fees incurred after Final Judgment had been entered, cannot be considered to have been necessitated by defendants' contesting legal position.
Defendants assert that, at best, only 6.8 hours of the time claimed in the certification of plaintiff's attorney can be said to *283 have been necessitated by the answer which defendants filed. Initially, defendants take the position that, pursuant to N.J.S.A. 2A:15-59.1, they could only be responsible for $850 (6.8 multiplied by counsel's hourly rate of $125) of the total legal fees billed to plaintiff. However, the defendants further contend that the final judgment of foreclosure has already granted plaintiff an allowance for taxed costs and counsel fees in the sum of $1,749.53 pursuant to R. 4:42-9. Defendants argue that plaintiff has already received the relief it now requests, and this application should, therefore, be denied.
Prior to addressing the central issue of the motion, it is necessary to comment on this Court's observations concerning a large number of foreclosure actions. All too often the pattern is the same. The mortgagee files a complaint, and the matter is opened in the Office of Foreclosure in Trenton. The mortgagor responds with a contesting answer. See R. 4:64-1(a) & (b) (demarcating contested from uncontested foreclosure actions). The case is then forwarded to the chancery court to proceed as a contested case. Later, a motion is filed on behalf of the mortgagee seeking summary judgment. The mortgagor fails to respond to the motion; summary judgment is granted in favor of the mortgagee; the answer and defenses are stricken; the matter is transferred back to the Office of Foreclosure to proceed on an uncontested basis; and eventually final judgment of foreclosure is entered.
Initial examination of many pleadings filed with this Court demonstrates that many of the answers and defenses proffered are legally insufficient as they fail to challenge the essential elements of the mortgagee's right to foreclose and fail to interpose a validly recognized defense in foreclosure suits. See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 89 A.2d 275 (App.Div. 1952) (setting forth the components of a prima facie right to foreclose); Leisure Technology Northeast, Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 349 A.2d 96 (App. Div. 1975) (outlining principles controlling defenses which may properly be asserted in foreclosure actions). This initial evaluation *284 is further supported by the almost invariable failure of the mortgagor to respond to the motion for summary judgment.
In such cases, while not successfully defending the foreclosure action, the mortgagor has effectively delayed the inevitable  the final judgment of foreclosure and sale of the property. The protracted action is often beneficial to the defaulting mortgagor. However, in so doing, the defaulting mortgagor violates the established policy of our courts which seeks "to eliminate delay, prevent harassment of a party and unnecessary clogging of the judicial system, and avoid wasting the time and effort of the parties, and promote fundamental fairness." Aetna Ins. Co. v. Gilchrist Bros., Inc., 85 N.J. 550, 556, 428 A.2d 1254 (1981) (quoting Barres v. Holt, Rinehart and Winston, Inc., 74 N.J. 461, 465, 378 A.2d 1148 (1977) (Schrieber, J., dissenting)).[1]
In the matter at hand, defendants' candid admission has the effect of conceding that their defense was, in fact, "frivolous" as defined by the statute's express terms.
The expressed policy of our courts has been to deny any recovery of legal fees unless such an award is authorized by statute, court Rule, or contract. Satellite Gateway Com. Inc. v. Musi Dining Car Co., Inc., 110 N.J. 280, 540 A.2d 1267 (1988). Our highest court has previously rejected the suggestion that a party advancing a legally nonmeritorious claim or defense be constrained to pay an adversary's attorney fees.[2] Chief Justice Weintraub in Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162, 167, 162 A.2d 834 (1960), stated:
Although the sanction of counsel fees against a plaintiff who sues or a defendant who defends in manifest bad faith has much to commend it, yet the *285 problem of confining allowances to precisely that situation in actual practice would be a formidable one. At any rate, the rule of court adopted the policy that except in the situations within its terms each litigant shall bear the expenses of prosecuting and defending his individual interests. [citations omitted.]
It would appear that N.J.S.A. 2A:15-59.1 now permits a recovery which Chief Justice Weintraub in 1960 felt would be difficult to administer.[3]
Any construction of N.J.S.A. 2A:15-59.1 (commonly known as the frivolous claims statute) must necessarily include an analysis of the statute's express language and its legislative purpose. Perez v. Pantasote, Inc., 95 N.J. 105, 114, 469 A.2d 22 (1984); Harvey v. Board of Chosen Freeholders of Essex County, 30 N.J. 381, 391, 153 A.2d 10 (1959).
The legislative purpose can be found in the statement attached to the bill.
The purpose of this bill is to allow a party who prevails in a civil suit to recover reasonable attorney fees and litigations costs from the nonprevailing person if the judge finds that the legal position of the nonprevailing person was not justified and was commenced in bad faith solely for the purpose of delay or malicious injury, or that the nonprevailing party knew or should have known that the action was without any reasonable basis in law or equity.
Simply stated, those who make "frivolous" claims will be forced to bear the legal expenses of their adversary. The statute is obviously designed to deter and ultimately eliminate the filing of nonmeritorious claims and defenses. It would appear that a defense interposed solely for the purpose of delaying foreclosure procedures is the type of pleading which the legislature sought to address by the enactment of N.J.S.A. 2A:15-59.1.
*286 Our inquiry must now turn to an analysis of R. 4:42-9 which, in pertinent part, states:
(a) Actions in Which Fee Is Allowable. No fee for legal services shall be allowed in the taxed costs or otherwise, except
* * * * * * * *
(4) In an action for the foreclosure of a mortgage, the allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff amounting to $5,000 or less, at the rate of 3 1/2%, provided, however, that in any action a minimum fee of $75 shall be allowed; upon the excess over $5,000 and up to $10,000 at the rate of 1 1/2%; and upon the excess over $10,000 at the rate of 1%, provided that in no case shall the allowance exceed $7,500, except upon application supported by affidavit of services.[4]
As set forth in Collective Fed. Sav. & Loan Ass'n v. Toland, 207 N.J. Super. 157, 161-62, 504 A.2d 59 (Ch.Div. 1985):
The purpose of the rule is to allow a prevailing plaintiff in a foreclosure action to obtain counsel fees, contrary to the general American rule, and to limit the amount of such counsel fees. The rule makes eminent good sense in the market place. It encourages the making of mortgage loans and permits New Jersey borrowers to compete more effectively for mortgage funds, even from out-of-state lenders, because lenders know they will recover all or a part of their attorney's fees if forced to foreclose a mortgage. [footnote omitted.]
R. 4:42-9 is not punitive in nature as is N.J.S.A. 2A:15-59.1. Rather, the provision for attorney fees in the Rule "is an attempt to make the mortgagee whole." Id. at 162, 504 A.2d 59.
R. 4:42-9 and N.J.S.A. 2A:15-59.1 can, indeed, be read together to effectuate the declared purposes of each. R. 4:42-9 is not designed to discourage the filing of nonmeritorious answers. In fact, in many foreclosure actions answers are never filed, *287 and the matters are concluded by default judgment. See Farmers & Merchants Nat. Bank of Bridgeton v. Cotler, 225 N.J. Super. 160, 163, 541 A.2d 1123 (Ch.Div. 1988); Collective Fed. Sav. & Loan Ass'n v. Toland, supra, 207 N.J. Super. at 162, 504 A.2d 59. The rule's objective is to authorize the allowance of legal fees. Sanctioning a frivolous defense with an award of costs and fees does no harm to this objective.
On the other hand, if this Court denies plaintiff's application and holds that, despite having to respond to a frivolous defense, a mortgagee was limited solely to the allowance of the fees provided in the formula included in R. 4:42-9(a)(4), the purpose sought to be achieved by N.J.S.A. 2A:15-59.1 would be frustrated. To deny the application for fees pursuant to the statute would, in effect, condone the practice of those defaulting mortgagors who, without any basis in law whatsoever, file answers simply to postpone the inevitable. We therefore hold that plaintiff mortgagee is entitled to an award for counsel fees and costs as outlined by N.J.S.A. 2A:15-59.1 in addition to the fees allowed pursuant to R. 4:42-9.
However, we agree with defendants' contention that a substantial portion of the counsel fees sought would have been incurred regardless of their contesting answer and, thus, should not be awarded. Those costs and fees incurred prior to the filing of the answer as well as those incurred after summary judgment was entered in Somerset Trust's favor should not be included in an award under N.J.S.A. 2A:15-59.1. Accordingly, the 6.8 hours of time which defendants concede to be directly attributed to their having filed a defense in this case is a proper award under the statute. We will enter an order directing defendants to pay to plaintiff reasonable counsel fees in the amount of $850.
NOTES
[1] Reference is additionally made to R. 1:4-8 which has the effect of condemning those pleadings interposed solely for the purposes of delay.
[2] For the pre-1948 chancery practice which authorized the award of counsel fees see Pressler, Current N.J. Court Rules, Comment R. 4:42-9 (1989) and the cases cited therein.
[3] The constitutionality of N.J.S.A. 2A:15-59.1 will not be addressed as this matter is not properly before the Court. See Evans v. Prudential Property and Cas. Ins. Co., 233 N.J. Super. 652, 658, 559 A.2d 888 (Law Div. 1989); and see N.J. Const. (1947), Art. VI, Sec. II, par. 3; Winberry v. Salisbury, 5 N.J. 240, 244-55, 74 A.2d 406 (1950) (indicating that the rule-making power of the Supreme Court with respect to practice, procedure and administration is not subject to overriding legislation).
[4] We are mindful of the split in authority regarding the issue of whether an allowance of counsel fees under R. 4:42-9 is limited to the percentages fixed by the rule. See Farmers & Merchants v. Cotler, 225 N.J. Super. 160, 541 A.2d 1123 (Ch.Div. 1988) (holding that a plaintiff-mortgagee may apply for a fee in excess of the rule's percentages) but see Levine v. Levine, 210 N.J. Super. 585, 510 A.2d 286 (Law Div. 1986) (holding that fees must be computed by the fixed percentages, and excess fees can only be applied for when the calculated fee exceeds $7,500). While we embrace the reasoning of Judge Porreca in Farmers and Merchants, supra, we do not believe the determinations have any bearing on the issue before us.