NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3761-15T4

LAKEVIEW LOAN SERVICING, LLC,

 Plaintiff-Respondent,

v.

JOHN JUBELT,

 Defendant-Appellant,

and

MRS. JOHN JUBELT,

 Defendant.
________________________________

 Submitted October 23, 2017 – Decided November 17, 2017

 Before Judges Whipple and Rose.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Bergen County, Docket No.
 F-031413-14.

 Law Offices of Joseph A. Chang, attorneys for
 appellant (Joseph A. Chang, of counsel and on
 the brief; Jeffrey Zajac, on the brief).

 KML Law Group, PC, attorneys for respondent
 (Jaime R. Ackerman, of counsel and on the
 brief).
PER CURIAM

 Defendant appeals from a March 24, 2016 final judgment in

foreclosure. We affirm.

 We discern the following facts from the record. On June 12,

2009, John Jubelt (defendant), executed a note in favor of United

Northern Mortgage Bankers, Ltd (United) for $242,165 secured by a

mortgage against his home. He borrowed the money so he could buy

his ex-wife's interest in the house as agreed upon in the divorce

proceedings. Defendant asserts he was the victim of predatory

lending practices by United and wanted to back out of the closing.

Because he had a deadline to meet under the terms of the divorce

agreement with his former spouse, he executed the note and mortgage

to Mortgage Electronic Registration System (MERS) as nominee for

United. Defendant defaulted on the note on August 1, 2011.

 On October 27, 2011, MERS assigned the mortgage to Bank of

America, NA, a successor by merger to BAC Home Loans Servicing LP,

formerly known as Countrywide Home Loans Servicing LP, and on

December 31, 2013, the mortgage was further assigned by Bank of

America to plaintiff. On January 13, 2014, the assignment was

recorded with the office of the Bergen County Clerk. On July 31,

2014, plaintiff filed a complaint to foreclose after having sent

defendant a notice of intent to foreclose.

 2 A-3761-15T4
 Defendant filed an answer asserting numerous defenses,

including the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -

20 (CFA), and the Fair Forfeiture Foreclosure Act, N.J.S.A. 2A:50-

53 to -68 (FFA).

 Plaintiff moved for summary judgment on May 1, 2015. In

support of its motion, plaintiff submitted the certification of a

banking officer employed by M&T Bank, as attorney in fact for

plaintiff. The certification set forth the officer's familiarity

with business records pertaining to defendant's account and

certified plaintiff was in possession of the note and assigned the

mortgage prior to filing the complaint.

 Defendant cross-moved to dismiss the complaint arguing

consumer fraud, lack of notice, and outstanding discovery

precluded summary judgment. On June 12, 2015, the court dismissed

the CFA and FFA claims. The judge permitted additional depositions

to be taken of bank employees. On August 14, 2015 the judge

entered an order denying defendant's motion to dismiss and granting

summary judgment to plaintiff. Final judgment was entered on

March 24, 2016. This appeal followed.

 Defendant argues the court should not have granted summary

judgment because he presented a prima facie case of predatory

lending and other affirmative defenses, which the court should

have addressed. We disagree.

 3 A-3761-15T4
 In reviewing a trial court's decision to grant a motion for

summary judgment, the appellate court conducts a de novo review,

using the same standard as the trial court. Globe Motor Co. v.

Igdalev, 225 N.J. 469, 479 (2016); Prudential Prop. & Cas. Ins.

Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div.), certif.

denied, 154 N.J. 608 (1998). It decides first whether there was

a genuine issue of fact. If there was not, it then decides whether

the trial court's ruling on the law was correct. Walker v. Alt.

Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987).

 Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540

(1995), articulates the rule for determining whether there is a

genuine issue of fact. The judge must engage in a weighing process

and decide whether

 the competent evidential materials presented,
 when viewed in the light most favorable to the
 non-moving party, are sufficient to permit a
 rational factfinder to resolve the alleged
 disputed issue in favor of the non-moving
 party . . . . If there exists a single,
 unavoidable resolution of the alleged disputed
 issue of fact, that issue should be considered
 insufficient to constitute a 'genuine' issue
 of material fact for purposes of Rule 4:46-2.

 [Ibid.].

Thus, "when the evidence is so one-sided that one party must

prevail as a matter of law, . . . the trial court should not

hesitate to grant summary judgment." Ibid.

 4 A-3761-15T4
 To establish a prima facie right to foreclose on a mortgage,

there must have been execution, recording and non-payment of the

mortgage. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App.

Div. 1952); see Somerset Tr. Co. v. Sternberg, 238 N.J. Super.

279, 283 (Ch. Div. 1989).

 Based on our review of the record, we are satisfied plaintiff

established a prima facie right to foreclose on the mortgage.

Defendant, in his certification in opposition to the motion for

summary judgment, conceded, "I executed a Note and Mortgage

securing the $242,165 Loan to [MERS] as nominee for [United]."

Defendant also admitted the mortgage was duly recorded and did not

deny there was a default on the mortgage.

 Additionally, a party attempting to foreclose a mortgage

"must own or control the underlying debt." Deutsche Bank Nat'l

Tr. Co. v. Mitchell, 422 N.J. Super. 214, 223 (App. Div. 2011)

(quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597

(App. Div. 2011)). Parties who can enforce such a negotiable

instrument, such as a note, include "the holder of the instrument,

a nonholder in possession of the instrument who has the rights of

a holder, or a person not in possession of the instrument who is

entitled to enforce the instrument pursuant to N.J.S.A. 12A:3-309

or subsection d of [N.J.S.A.] 12A:3-418." N.J.S.A. 12A:3-301.

 5 A-3761-15T4
 Based on our review of the record, we are satisfied plaintiff

has demonstrated it was the holder of the note, thereby

establishing the assignment was valid, and plaintiff had standing

to foreclose.

 Defendant argues the trial judge erred by allowing

inadmissible hearsay by plaintiff's witness which allowed

admission of documents into evidence during trial to establish

plaintiff's standing. We review evidentiary rulings by a trial

court under the abuse of discretion standard. Estate of Hanges

v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 384-85 (2010).

 Plaintiff's attorney in fact presented a certification based

upon the business record exception to the hearsay rule as an

employee of M&T Bank. She was familiar with the business records,

and testified the records were created in the ordinary course of

business. See N.J.R.E. 803(c)(6).1 We do not discern an abuse of

1
 N.J.R.E. 803(c)(6) states:

 A statement contained in a writing or other
 record of acts, events, conditions, and,
 subject to [Rule] 808, opinions or diagnoses,
 made at or near the time of observation by a
 person with actual knowledge or from
 information supplied by such a person, if the
 writing or other record was made in the
 regular course of business and it was the
 regular practice of that business to make it,
 unless the sources of information or the
 method, purpose or circumstances of

 6 A-3761-15T4
the court's discretion in allowing the records, but even if the

decision were in error, it was harmless as there was an independent

basis for standing. Plaintiff produced an allonge proving the

assignment of the mortgage to plaintiff, which predated the filing

of the complaint. Thus, plaintiff had standing to enforce on this

basis alone.

 Defendant argues the trial judge erred by not considering his

defenses and counterclaims. Based upon the record before us, we

see no reason to disturb the trial judge's finding that defendant

failed to establish by clear and convincing evidence the existence

of fraud. Additionally, defendant failed to support the remainder

of his affirmative defenses and counterclaims, including those

under the CFA and FFA by credible evidence in the record.

 Defendant argues the trial judge erred in dismissing his

affirmative defense under the CFA without issuing findings of

facts or conclusions of law as required by Rule 1:7-4. We

disagree.

 Under the CFA, the defendant must prove "(1) an unlawful

practice, (2) an ascertainable loss, and (3) a causal relationship

between the unlawful conduct and the ascertainable loss." Lee v.

 preparation indicate that it is not
 trustworthy.

 7 A-3761-15T4
Carter-Reed Co., L.L.C., 203 N.J. 496, 521 (2010). Here, defendant

has not shown he has suffered an ascertainable loss. "An

ascertainable loss is a loss that is 'quantifiable or measurable';

it is not 'hypothetical or illusory.'" Id. at 522 (quoting

Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005)).

 At the June 12, 2015 hearing, the judge asked defendant,

"What is the ascertainable loss?" Defendant responded, "it would

be a calculation between what he paid out in the adjustable rate

mortgage with the adjustment after that period of time based upon

what he would have received had he gotten a 30-year fixed rate at

that percentage." This hypothetical loss does not support a CFA

claim. Furthermore, the judge found "[i]n the absence of any

proof that the lender committed to one thing and then switched,

there's no claim for consumer fraud based upon bait and switch."

Defendant was unable to provide proof of any unlawful practice

under the CFA.

 Based on the foregoing, we clearly glean from the record the

basis for the trial judge's dismissal of defendant's CFA claim was

the lack of ascertainable loss. Additionally, our review of the

record shows defendant did not set forth any other sufficient

credible evidence to support his claim the plaintiff violated the

CFA.

 8 A-3761-15T4
 Therefore, the trial judge did not err in striking the

affirmative defenses and counterclaims under the CFA nor in

entering judgment for plaintiff.

 Affirmed.

 9 A-3761-15T4