**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3747-16T3

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST
2006-CH2 ASSET BACKED
PASS-THROUGH CERTIFICATES, SERIES
2006-CH2,

    Plaintiff-Respondent,

v.

EDWARD A. PROVENCHER, his/her heirs,
devisees, and personal representatives,
and his, her, their or any of their
successors in right, title and interest,

    Defendant-Appellant,

and

MRS. EDWARD A. PROVENCHER, wife of
Edward A. Provencher; NICOLE L. PROVENCHER,
his/her heirs, devisees, and personal
representatives, and his, her, their or
any of their successors in right, title
and interest; MR. PROVENCHER, husband of
Nicole L. Provencher; CHASE BANK U.S., NA
and STATE OF NEW JERSEY,

    Defendants.

_____

Submitted July 9, 2018 – Decided July 23, 2018

Before Judges Carroll and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-044161-14.

Edward A. Provencher, appellant pro se.

Parker Ibrahim & Berg, LLP, attorneys for respondent (Charles W. Miller, III, Ben Z. Raindorf and Robert D. Bailey, on the brief).

PER CURIAM

This residential mortgage foreclosure case has its genesis in a June 20, 2006 loan from Chase Bank USA (Chase) to defendant Edward Provencher. The loan is evidenced by a note in the amount of $212,000 executed and delivered by defendant to Chase, and secured by a mortgage on property located in Freehold. The mortgage was duly recorded on July 20, 2006, in the Office of the Monmouth County Clerk.

On July 6, 2012, Chase assigned the mortgage to plaintiff U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-CH2 Asset Backed Pass-Through Certificates, Series 2006-CH2. The Monmouth County Clerk recorded the assignment on July 25, 2012.

Pursuant to the note and mortgage, defendant agreed to make principal and interest payments on the loan on the first day of each month from August 1, 2006, through July 1, 2036. Under the terms of the note, a late charge of $29, or six percent of the

2

overdue payment, whichever is greater, would be assessed if the lender had "not received the full amount of any monthly payment within [ten] days of the payment due date . . . ."

Defendant defaulted under the note and mortgage by failing to make the May 1, 2011 monthly payment. On October 21, 2014, plaintiff filed a foreclosure complaint against defendant, who filed a contesting answer on December 8, 2014. His answer did not specifically dispute the existence of the debt, the authenticity of the note and mortgage, and his default in making payments as required by the note. The answer merely denied generally all the allegations of the foreclosure complaint and put plaintiff to its proofs. It also asserted several affirmative defenses, including plaintiff's alleged lack of standing to bring the foreclosure action.

On May 15, 2015, plaintiff filed a motion for summary judgment. Plaintiff supported its motion with a certification from Karter Nelson, a document control officer employed by plaintiff's mortgage servicer. Nelson certified that he had personally reviewed the loan documents, copies of which he attached to his certification. Nelson further attested that plaintiff had acquired the loan, including the note and mortgage, prior to the filing of the foreclosure complaint.

Defendant opposed the motion and filed a cross-motion to amend his answer to assert a counterclaim against plaintiff. The entirety of defendant's accompanying certification stated: "Subject property is my primary residence" and "Discovery is not completed." Annexed to defendant's certification, among other documents, was a proposed amended answer and counterclaim, which alleged plaintiff violated the New Jersey Home Ownership Security Act (HOSA), N.J.S.A. 46:10B-22 to -35, with respect to late fees charged on the mortgage loan.

By orders dated June 26, 2015, the trial court denied defendant's motion and granted plaintiff's motion for summary judgment. In an oral opinion, the court first determined that Nelson's certification was sufficient to establish that "[p]laintiff is the holder of the note and [d]efendant has provided no contrary evidence to show that another entity holds the loan." The court also noted the recorded assignment of mortgage that predated the foreclosure complaint and concluded plaintiff had standing.

The court also found defendant's arguments with respect to the alleged HOSA violation "really . . . difficult to understand." Ultimately, the court determined the allegation that "[p]laintiff charged late fees in contravention of N.J.S.A. 46:10[B]-25 would be a claim for monetary damages and is time-barred." The judge

4

elaborated: "Defendant executed the note [and] mortgage on June 20, 2006. [He] had six years to raise a defense; that expired on June 20, 2012. Again, fees would not be germane to this action and a dispute over the amount due is appropriate when the [p]laintiff seeks final judgment." Consequently, the court struck defendant's answer and returned the matter to the Foreclosure Unit of the Superior Court to proceed as an uncontested case.

On October 14, 2016, the trial court granted plaintiff's motion to vacate dismissal for lack of prosecution pursuant to Rule 4:64-8 and reinstated the case. On February 3, 2017, the court denied defendant's objection to plaintiff's calculation of the amount due. A final judgment was ultimately entered in favor of plaintiff on March 22, 2017, in the sum of $312,936.10.

Defendant now appeals from the orders entered on June 26, 2015, October 14, 2016, February 3, 2017, and from the March 22, 2017 final judgment. Defendant essentially argues that: (1) the Nelson certification and supporting documents were inadequate to establish plaintiff's standing; and (2) the trial court erred in concluding defendant's HOSA claim with respect to late fees was not germane to the foreclosure action, thus denying defendant the opportunity to litigate the claim.

We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J.

36, 59 (2015). Summary judgment should be granted only if the record demonstrates there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). If no genuine issue of material fact exists, the inquiry then turns to "whether the trial court correctly interpreted the law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations omitted).

Based on our review of the record and applicable law, we conclude that summary judgment was properly granted in favor of plaintiff. A lender's right to foreclose is an equitable right inherent in a mortgage, triggered by a borrower's failure to comply with the terms and conditions of the associated loan. S.D. Walker, Inc. v. Brigantine Beach Hotel Corp., 44 N.J. Super. 193, 202 (Ch. Div. 1957). To obtain relief in a mortgage foreclosure action, the mortgagee (or its successor in interest) must establish that: (1) the mortgage and loan documents are valid; (2) the mortgage

loan is in default; and (3) it has a contractual right to foreclose in light of the default. See, e.g., Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994); Somerset Trust Co. v. Sternberg, 238 N.J. Super. 279, 283-84 (Ch. Div. 1989). The mortgagee has the right to insist upon strict observance of the obligations that are contractually owed to it, including timely payment. Kaminski v. London Pub, Inc., 123 N.J. Super. 112, 116 (App. Div. 1973).

Often, as here, a disputed issue in mortgage foreclosure actions is whether the plaintiff has established standing to bring the complaint. In general, the Uniform Commercial Code establishes three alternative categories of parties who have standing to enforce negotiable instruments, including promissory notes: (1) "the holder of the instrument"; (2) "a nonholder in possession of the instrument who has the rights of the holder"; and (3) "a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or subsection d. of [N.J.S.A.] 12A:3-418." See N.J.S.A. 12A:3-301.

In Deutsche Bank Trust Co. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we construed these principles to confer standing on a mortgage foreclosure plaintiff who establishes "either possession of the note or an assignment of the mortgage that predated the original complaint." Here, the motion judge

fairly and reasonably determined that the record sufficed to meet either of these two predicates for standing.

First, the unrefuted record reflects that plaintiff was assigned defendant's mortgage loan before the foreclosure complaint was filed. The Nelson certification provides a sufficient evidentiary basis to establish the authenticity of the business records that reflect the transfer of defendant's loan from the original lender, Chase, to the present trustee. Further, the mortgage assignment was recorded and endorsed by the Monmouth County Clerk. See N.J.R.E. 901 (noting that authentication is governed by a flexible standard that only requires "evidence sufficient to support a finding that the matter is what its proponent claims"). Second, as an alternative basis for standing, there is sufficient proof in the record to establish that plaintiff was in possession of the note at the time the lawsuit was filed.

With respect to defendant's HOSA claim, we note that "the granting of a motion to file an amended [pleading] always rests in the court's sound discretion." Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 457 (1998); Fisher v. Yates, 270 N.J. Super. 458, 467 (App. Div. 1994). While motions for leave to amend pleadings are to be liberally granted, the decision is best left to the sound discretion of the trial court taking into consideration the factual situation existing at the time each

motion is made. Although courts should determine motions for leave to amend without considering the ultimate merits of the amendment, "courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (citation omitted).

On review, the trial judge's determination will not be disturbed unless it constitutes a "clear abuse of . . . discretion." Salitan v. Magnus, 28 N.J. 20, 26 (1958); Franklin Med. Assocs. v. Newark Pub. Schs., 362 N.J. Super. 494, 506 (App. Div. 2003). This court will reverse a trial court's exercise of discretion only "if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citation omitted). Stated differently, a trial court abuses its discretion where its decision is arbitrary or capricious, is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." Ibid. (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citations omitted)).

Guided by these principles, we conclude the trial court did not err in denying defendant's motion to amend his answer to assert

a counterclaim against plaintiff seeking damages for violating HOSA with respect to the assessment of late fees. As noted, the trial court found this claim time-barred, a ruling that defendant does not challenge on appeal. An issue not briefed is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014). See also, Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2018).

In any event, even if defendant's HOSA claim is not time-barred as the motion judge found, we nonetheless find no basis to grant defendant relief. This is so despite our agreement with defendant that, in viewing the summary judgment record in the light most favorable to him, defendant's claim regarding the late fees assessed by plaintiff pursuant to the terms of the note are germane to the foreclosure action. See R. 4:64-5. As we noted in Associates Home Equity Services, Inc. v. Troup, 343 N.J. Super. 254, 272 (App. Div. 2001), the purpose of a foreclosure action is to determine "not only the right to foreclose, but also the amount due on the mortgage." (Citation omitted).

Here, defendant's HOSA claim related directly to the amount due on the mortgage, which the motion judge acknowledged in her decision on the summary judgment motion and defendant's cross-motion to amend. The motion judge determined that the dispute "over the amount due is appropriate when the [p]laintiff seeks

final judgment." Although the judge denied defendant's motion to assert a counterclaim alleging a HOSA violation, she did not preclude him from raising the improper late fee issue when plaintiff applied for final judgment. Defendant did in fact challenge the amount due when plaintiff made application for final judgment. However, he failed to challenge the late fees at that juncture. Instead, defendant's objection to the amount due focused on disputed tax payments and his standing argument, which the trial court correctly rejected. Entry of the final judgment properly followed.

To the extent that we have not specifically addressed any of defendant's remaining contentions, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3747-16T3