**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5312-16T4

PNC BANK, NATIONAL
ASSOCIATION,

    Plaintiff-Respondent,

v.

JAMES MERCADANTE
and NANCY L. MERCADANTE,
a/k/a NANCY MERCADANTE,

    Defendants-Appellants.

_____

Submitted September 26, 2018 – Decided  October 18, 2018

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-028336-15.

James Mercadante and Nancy Mercadante, appellants pro se.

Mattleman, Weinroth & Miller, PC, attorneys for respondent (Robert W. Williams, on the brief).

PER CURIAM

Defendants, the obligors on two secured home equity line of credit agreements with plaintiff – the original lender – appeal from orders of: June 10, 2016 granting plaintiff's motion to strike defendants' answer and affirmative defenses and enter default[1] against defendants who failed to make any loan payments after December 15, 2011, and denying defendants' motion to dismiss plaintiff's complaint; September 16, 2016 granting plaintiff's motion to reform, correcting a portion of a course in the foreclosed property's metes and bounds description; May 26, 2017 denying defendants' motion to fix the amount due; and June 14, 2017 entering final judgment. Defendants argue the "trial court erred, and abused its discretion by failing to make any findings of fact supporting its determination or otherwise sufficiently expressing its reasoning to grant [p]laintiff's motion for [s]ummary [j]udgment and denying [d]efendants' [c]ross-[m]otion for [d]ismissal." We conclude the trial court made adequate findings of fact and conclusions of law, and affirm.

---

[1] Both parties refer to this motion as one for summary judgment. The trial court recognized plaintiff's motion as one to strike defendants' answer and affirmative defenses. It viewed defendants' motion "not only as a motion to dismiss the complaint but also as opposition to the motion to strike the answer and summary judgment."

A-5312-16T4

A lender's right to foreclose is an equitable right inherent in a mortgage, triggered by a borrower's failure to comply with the terms and conditions of the associated loan. S.D. Walker, Inc. v. Brigantine Beach Hotel Corp., 44 N.J. Super. 193, 202 (Ch. Div. 1957). Generally, the defenses to foreclosure actions are narrow and limited. The material issues to be established in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to foreclose on the mortgaged property. See Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952) (holding that when "the execution, recording, and non-payment of the mortgage are conceded, a prima facie right to foreclose [is] made out"); Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). If the defendant's answer fails to challenge these essential elements, the mortgagee is entitled to strike it as a non-contesting answer. See Old Republic Ins. Co. v. Currie, 284 N.J. Super. 571, 574 (Ch. Div. 1995); Somerset Trust Co. v. Sternberg, 238 N.J. Super. 279, 283 (Ch. Div. 1989).

Summary judgment should be granted if the court determines "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We review the motion judge's decision de novo and afford his ruling no special deference.

Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016). We "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party" in consideration of the applicable evidentiary standard, "are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

When the moving party in a summary judgment motion satisfies its burden, the burden shifts to the non-moving party to present evidence that there is a genuine issue for trial. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479-80 (2016); Brill, 142 N.J. at 529. The non-moving party may not satisfy its burden by merely making allegations or denials in its pleading, but must produce sufficient evidence to reasonably support a verdict in its favor. R. 4:46-5(a); G.D. v. Kenny, 205 N.J. 275, 304 (2011). Nor can the non-moving party defeat a summary judgment motion by the identification of a disputed fact of an insubstantial nature. Brill, 142 N.J. 520 at 529-30.

Contrary to defendants' contention that the trial court, in contravention of Rule 1:7-4,[2] failed to make findings of fact or sufficiently express reasons for

---

[2] The pertinent part of Rule 1:7-4 provides: "The court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its

granting plaintiff's summary judgment motion and denying their cross-motion to dismiss, the court, in its oral decision, recognized defendants' "primary argument in opposition is that they contend [the] loan [was] paid off[,] referring to documents provided by the plaintiff in discovery showing a charge-off of a loan." The court ruled the ledger sheets relied on by defendants showed the loans were charged-off, but not paid. The court said it was satisfied a certification submitted by plaintiff's loan analyst, together with certified copies of the loan documents, including the note and mortgage, established plaintiff's "prima facie right to foreclose." The court's oral decision, albeit terse, satisfied the requirements of Rule 1:7-4.

Defendants' like argument concerning the court's ruling on the "reform mortgage motion" is meritless. The terms of the order corrected a "scrivener's error" in the fifth course of the metes and bounds descriptions set forth in the mortgage documents. The court was not required by Rule 1:7-4 to set forth findings of fact and conclusions of law because the order was not one appealable as of right; it was an interlocutory order. Further, the order, in a handwritten notation, provides it was granted "for the reasons set forth in the moving papers,

---

conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right. . . ."

and because the existing [fifth course] of the plot would result in a plot that does not close."

Defendants briefly mention in their Rule 1:7-4 argument that the trial court "had no personal knowledge of [p]laintiff's accounting practices, and [p]laintiff did not oppose [d]efendants' motion to fix the amount due. The [t]rial [court] denied the motion[,] making assumptions of [p]lanitiff's accounting practices." Although not specifically briefed as a ground for appeal, defendants claim plaintiff did not possess the underlying notes, as evidenced by ledger sheets that show plaintiff charged-off the loans. Defendants claim this evidence shows the loans were paid and sold to a third party. They have failed, however, to present evidence of a genuine issue for trial. They do not dispute that they signed the notes or that plaintiff was the original lender on both loans. Plaintiff's loan analyst certified that he personally reviewed the loan documents, and that "[p]laintiff is the original lender and remains the current holder of [each] subject loan."[3] The documentary evidence submitted by defendants refers only to loan

---

[3] In their merits brief, defendants mention standing but do not argue plaintiff lacked standing. As such we will not consider that issue. 539 Absecon Blvd., L.L.C. v. Shan Enters. Ltd. P'ship, 406 N.J. Super. 242, 272 n.10 (App. Div. 2009) (noting claims that have not been briefed are deemed abandoned on appeal). In any event, the loan analyst's certification, as the trial court found, established plaintiff's right to foreclose.

charge-offs; the documents do not establish that the loans were paid, sold or otherwise transferred. Defendants' bald assertion that plaintiff was not in possession of the notes is insufficient to overcome the summary judgment motion. There is no evidence that plaintiff – the originator of both notes – ever transferred them to a third party or that the notes were paid.

Against defendants' arguments, the record supports the entry of all of the contested orders.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-5312-16T4