726 A.2d 308 (1999)
319 N.J. Super. 644
Harry HATCH, Plaintiff-Appellant,
v.
T & L ASSOCIATES, a New Jersey Partnership, Jack D. Levin, Individually and as a partner in T & L Associates, Carmine Torsiello, Individually and as a partner in T & L Associates, and Daniel Torsiello, Individually, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Calendared for argument March 16, 1999.
Decided April 1, 1999.
Gary L. Falkin, Chatham, for plaintiff-appellant.
Ronald Reichstein, West Caldwell, for defendants-respondents.
Before Judges PRESSLER, KLEINER and STEINBERG.
The opinion of the court was delivered by
PRESSLER, P.J.A.D.
This appeal arises from the customary provision of a mortgage note by which the borrower agrees to pay on default not only the balance of principal and interest due but also the lender's costs of collection, including attorney's fees. The issue before us is whether the lender, after obtaining judgment on the note, including reasonable attorney fees, is then entitled to have the judgment thereafter amended to include an additional allowance for post-judgment collection costs. Under the circumstances of this case, we agree with the trial judge, but for different reasons, that the lender's motion was properly denied.
The facts are not in dispute. On August 17, 1995, defendants, Carmine Torsiello, Jack D. Levin, and their partnership, T & L Associates, executed a three-year mortgage note in favor of plaintiff Harry Hatch in the principal amount of $299,000 at eight percent interest, the interest and a specified portion of principal payable in installments during the life of the loan. The note recited the giving by defendants on that date of a mortgage on identified property in Harmony Township to secure the loan. The note further provided that on default in making any of the scheduled payments the entire unpaid principal with interest thereon would be due together with "the Lender's costs of collection, including reasonable attorney's fees." Defendants defaulted and plaintiff sued on the note. On January 21, 1997, a default judgment was entered in plaintiff's favor in the amount of $338,316.56, inclusive of costs in the amount of $230.00 and a counsel fee in the amount of $1,250.00.
The judgment was not satisfied in full until the end of January or the beginning of February 1998. As we understand from this regrettably sparse record, after a year of supplementary discovery proceedings, issuance of writs of execution, and a partial payment, defendants agreed to pay the balance *309 by obtaining a mortgage on other property they owned. To this end, it was apparently agreed that a warrant of satisfaction would be entered in order to clear the title on that property from the lien of this judgment, with the mortgage proceeds then placed in escrow. As we further understand it, the escrowed sum included an amount for the lender's post-judgment collection costs, including attorney fees, defendants having disputed their obligation to pay post-judgment attorney fees under the terms of the note and plaintiff insisting on his right thereto.
In view of that dispute, plaintiff filed a motion to amend the original judgment to include post-collection costs and fees, supported by his attorney's affidavit of services in which he sought fees of $12,262.50 and reimbursement for disbursements in the amount of $772.35. The trial court, relying on R. Jennings Mfg. v. Northern Elec. Supply Co., 286 N.J.Super. 413, 669 A.2d 819 (App.Div.1995), denied the motion on the ground that plaintiff's rights under the note merged into the original judgment and could not be independently pursued thereafter. We affirm the denial but on other grounds.
It has long since been well settled that our courts will enforce the customary attorney-fee clause in a promissory note or other instrument of obligation to the extent that the attorney fees requested as part of the judgment on the note are reasonable. See, e.g., Cohen v. Fair Lawn Dairies, Inc., 44 N.J. 450, 210 A.2d 73 (1965); Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, 44 N.J. 442, 210 A.2d 68 (1965); Bergen Builders, Inc. v. Horizon Developers, Inc., 44 N.J. 435, 210 A.2d 65 (1965). Insofar as we have been able to determine, however, we have not yet considered in a reported opinion the question of whether attorney fees incurred by the lender after entry of judgment in the effort to satisfy the judgment are also covered by that clause. We have no doubt that if such fees are covered, there are available procedural devices for enforcing the debtor's consequent obligation. We conclude, however, that under the facts of this case, the attorney-fee clause cannot be read as extending to post-judgment collection efforts.
We point out first that while there have been a variety of state and federal fee-shifting statutes enacted in recent years, this State continues, as a matter of jurisprudential principle, to adhere to the view that the sound administration of justice is best advanced by having the parties bear the burden of their own counsel fees except in those few circumstances designated by R. 4:42-9. See, e.g., Coleman v. Fiore Bros., Inc., 113 N.J. 594, 596, 552 A.2d 141 (1989); Satellite Gateway Communications, Inc. v. Musi Dining Car Co., 110 N.J. 280, 285, 540 A.2d 1267 (1988); Right to Choose v. Byrne, 91 N.J. 287, 316, 450 A.2d 925 (1982); Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 301, 225 A.2d 328 (1966); Thomas v. Toys `R' Us, 282 N.J.Super. 569, 587-588, 660 A.2d 1236 (App.Div.), certif. denied, 142 N.J. 574, 667 A.2d 191 (1995). Thus, while we recognize that parties may include fee-shifting provisions in their agreements, a corollary of our commitment to the so-called American rule of litigants paying their own fees is that such agreements will be strictly construed. McGuire v. City of Jersey City, 125 N.J. 310, 326-327, 593 A.2d 309 (1991).
The question then is whether a strict construction of the typical provision of a promissory note would include post-judgment collection services. We cannot conclude that it does because there is nothing in the record to suggest that that consequence was within the parties' contemplation and expectation when the note was executed. We do not accept the proposition that a borrower understands that the typical note provision for the cost of collection imposes an obligation for post-judgment counsel fees. No such assertion has apparently been judicially considered in the more than thirty years that have elapsed since the Cohen-Alcoa-Bergen Builders trilogy. We think it plain that if lenders understood or believed that they were so entitled, the issue would surely have emerged long before now. We need not consider the question of whether parties can expressly provide for post-judgment attorney fees in their agreements. We are of the view, however, that at the least, that obligation would have to be clearly and specifically provided for, and it was not so provided *310 for here. See, e.g., Southwest Fid. State Bank v. Apollo Corporate Travel Inc., 360 N.W.2d 668 (Minn.Ct.App.1985), noting the general rule in Minnesota that post-judgment collection costs are not recoverable under the typical contract clause but holding that the rule does not apply where the borrower had specifically agreed to pay such costs "at any time paid or incurred" by the lender. We further point out that other jurisdictions are in accord in denying post-judgment attorney fees incurred in collection of the debt. See, e.g., Florida Pottery Stores v. American Nat'l Bank, 578 So.2d 801, 806 (Fla.Dist.Ct.App.1991). See also Torrey v. Hamilton, 872P.2d 186, 187 (Alaska 1994) (court rule permits attorney fees only to date of entry of judgment); Allison v. John M. Biggs, Inc., 121 Idaho 567, 826 P.2d 916 (1992) (court rule permits attorney fees only to the extent requested by affidavit filed within fourteen days after entry of judgment).
We are persuaded that there are sound policy reasons consistent with the philosophy of the American rule for not construing the typical attorney-fees provision as including post-judgment services. We think it plain that a contrary construction would have a substantial potential for abuse, for unduly burdening consumer and other commercial transactions, for indefinitely delaying finality, and for spawning a host of ancillary litigation. Consequently, unless the agreement is express as to the post-judgment obligation, we decline to construe it as imposing that obligation.
There is yet another reason for our declining to do so here. As we have pointed out, this was a mortgage note. Plaintiff had the option of foreclosing on the mortgage rather than suing on the note. Had he done so, the award of attorney fees would have been limited by R. 4:42-9(a)(4). While that award would have been greater than the initial $ 1,250 included in the default judgment, it would nevertheless have been substantially less than the additional some $13,000 sought by this motion.[1] In similar circumstances, the Supreme Court has cautioned that in determining the reasonableness of the attorney fee sought on entry of final judgment in the action on the note, eschewal by the lender of the foreclosure option is a relevant consideration, requiring the trial judge to inquire "why that course was not chosen and whether it would now be equitable to burden the defendants with legal fees beyond those which would have been included in a foreclosure proceeding judgment." Bergen Builders, supra, 44 N.J. at 438, 210A.2d 65. Plaintiff here has given no explanation, as we believe Bergen Builders required him to do, as to why the foreclosure course was not followed. Beyond that, while the affidavit of post-judgment services details the time spent and the reason therefor, it is insufficient to permit a court to determine whether those services were reasonable and necessary or the extent to which, if at all, defendants caused the collection delay by their purposefully evasive conduct.
The order denying the motion to amend the judgment is affirmed.
NOTES
[1] R. 4:42-9(a)(4) allows a maximum fee of $7,500 but, in the court's discretion, it may award a fee of one percent on the borrower's adjudicated debt over $10,000 if that arithmetic would result in a fee in excess of $7,500.