**In re John HATALA, Debtor.**

**No. 03–14407 (RTL).**

United States Bankruptcy Court,
D. New Jersey.

July 11, 2003.

---

64

Diane Ault Cullen, Diane Ault Cullen, P.C., Toms River, NJ, for Debtor.

Jeremy D. Countess, Moorestown, NJ, for Wachovia Bank, N.A.

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

Debtor moved to modify the claim of Wachovia Bank, N.A., ("Wachovia") the first mortgagee of debtor's home. Wachovia asserted a claim for arrears that included $4,441.20 in attorney's fees. Debtor objected to the fees on the grounds that they exceed the amount allowed by New Jersey law. The issue is whether a lender is entitled to its actual legal fees under a chapter 13 plan to cure arrears or if it is limited to the amount allowed in its foreclosure judgment under the New Jersey Court Rules. Because 11 U.S.C. § 1322(e) directs that the amount necessary to cure default under a chapter 13 plan is determined in accordance with both the underlying agreement and applicable non-bankruptcy law, and because New Jersey law on foreclosures caps attorney's fees at the amount allowed in the New Jersey Court Rules, the lender is limited to the fees allowed in the foreclosure judgment. Debtor's motion is granted.

The court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984 referring all bankruptcy cases to the bankruptcy court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) concerning the allowance of claims.

### Facts

The facts are not disputed. Debtor gave Wachovia a note and mortgage on his home on April 21, 1997. Under the section entitled "Attorney's fees," the note provided, "If you [the bank] hire an attorney to collect what I owe, I agree to pay your reasonable attorney's fees which will be 15% of the total amount I owe you, plus court costs." The mortgage agreement stated, "If you [the bank] foreclose on the Property, you shall have the right to collect in that proceeding, all expenses of foreclosure, including but not limited to, reasonable attorney's fees and costs of documents, abstracts, and title reports."

Debtor defaulted on his obligation and Wachovia commenced a foreclosure action on November 5, 2001. The debtor filed for chapter 13 protection on April 2, 2002. Wachovia filed a proof of claim and a pro forma objection to confirmation. Although debtor made several payments to the trustee, at the confirmation hearing, he moved to dismiss his case which was done on October 30, 2002. Wachovia obtained a final judgment of foreclosure on January 6, 2003. The judgement allowed for $76,929.68 in principal, interest and late charges, and $919.30 in attorney's fees.

On February 11, 2003, debtor filed the instant chapter 13 case. His plan proposed to cure the arrears on Wachovia's mortgage by monthly payments to the trustee over 60 months and to maintain current payments directly to Wachovia pursuant to 11 U.S.C. § 1322(b)(5). Wachovia filed a proof of claim on February 18, 2003, which included attorney's fees in the amount of $4,441.20. Of the total fees, $3,841.20 represented work performed pre-petition, including 9.1 hours for work on the initial foreclosure proceeding, 6.1 hours for work during the first debtor's

bankruptcy case, and 5.1 hours for continuing with the foreclosure after the debtor's initial bankruptcy case was dismissed, for a total of 20.3 hours. Wachovia multiplied the number of hours its counsel expended on the case by counsel's hourly rate of $125, then added disbursements of $1,303.70 to arrive at the pre-petition figure.

Because Wachovia enjoys the benefit of a flat fee for certain services, this was not the amount actually charged by Wachovia's counsel. Wachovia's counsel charged the lender a flat fee of $1,050.00 for the initial, uncontested foreclosure action, billed in three equal installments, $550.00 for the uncontested bankruptcy work in the first case, and $350 (an amount equal to the last installment payment for uncontested foreclosure work) for continuing with the foreclosure after the dismissal of debtor's bankruptcy, plus disbursements. Counsel's pre-petition statements for services totaled $3,241.97.

The remaining $600.00 in the proof of claim was an estimate for post-petition services in the second bankruptcy case. Debtor objected on the grounds that the amount of attorney's fees exceeded the amount allowable under New Jersey law. In a subsequent cross motion to amend its proof of claim, Wachovia increased its estimated post-petition attorney's fees to $1,350.00 to include work performed in connection with defending the objection to its proof of claim. Wachovia's attorney's fees appear summarized in the following chart:

| | Proof of Claim | Actual |
|---|---|---|
| Foreclosure | $1,137.50 | $1,050.00 |
| 1st Bankruptcy | $ 762.50 | $ 550.00 |
| Foreclosure Continued | $ 637.50 | $ 350.00 |
| 2nd Bankruptcy (projected) | $ 600.00 | N/a |
| Total Attorney's Fees | $3,137.50 | $1,950.00 |
| Expenses | $1,303.70 | $1,291.97 |
| Total | $4,441.20 | $3,241.97 |

## Discussion

Where a chapter 13 plan proposes to cure a default, the amount necessary to effectuate the cure "shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e) (1993 & Supp.2003). In the instant case, Wachovia argues, the note entered into by the parties states that in the event of default, the debtor will pay Wachovia's reasonable attorney's fees. The note defines reasonable attorney's fees to be 15% of the outstanding balance due on the loan. However, Wachovia did not sue debtor on the note; it brought an action to foreclose on debtor's property. Where a mortgagee forecloses on the secured property, the allowable attorney's fees are governed by N.J. Ct. R. 4:42–9(a)(2), and not the note stipulation. *Coastal State Bank v. Colonial Wood Products, Inc.*, 172 N.J.Super. 320, 411 A.2d 1172, 1174 (App.Div.1980). Moreover, Wachovia does not seek 15% of the outstanding balance of the loan, per the terms of the note; it seeks to be reimbursed for the actual costs of its attorney's fees. Thus, any argument based on the terms of the note is irrelevant, and the pertinent agreement is the mortgage. Wachovia is only entitled to attorney's fees to the extent that they are supported by both the mortgage agreement and non-bankruptcy law regarding foreclosures.

As noted above, the mortgage agreement between debtor and Wachovia provided that the debtor would pay Wachovia's reasonable attorney's fees in a foreclosure proceeding. The first requirement for allowing the foreclosure fees is, therefore, met. As to the second requirement, state law qualifies as applicable nonbankruptcy law when interpreting the provisions of the Bank-

ruptcy Code. *In re Yuhas,* 104 F.3d 612, 614 n. 1 (3d Cir.1997). Several facets of New Jersey law regarding foreclosures and attorney's fees support the conclusion that the mortgagee is not entitled to any additional fees beyond the amount allowed in the foreclosure judgment.

 When a federal tribunal must apply state law, the decisions of the respective state's highest court are binding. *State Farm Mut. Auto. Ins. Co. v. Coviello,* 233 F.3d 710, 713 (3d Cir.2000). However, where the state's highest court has not rendered a decision on a particular point of law, the federal tribunal must examine the decisions of lower courts, if any. *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940). Such decision are not to be disregarded unless the court is convinced by other persuasive data that the highest court of the state would decide otherwise. *Id.* In the instant case, the New Jersey Supreme Court has not rendered a decision on point, and so the court must look to the decisions rendered by the various lower courts.

 In general, New Jersey follows the American Rule on attorney's fees, i.e., it "adhere[s] to the view that the sound administration of justice is best advanced by having the parties bear the burden of their own counsel fees." *Hatch v. T & L Assocs.,* 319 N.J.Super. 644, 726 A.2d 308, 309 (App.Div.1999). The only exceptions to that rule are (1) where parties to a contract have included a fee shifting provision in their agreement [1] and the fees are deemed reasonable by the court, *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll,* 44 N.J. 442, 210 A.2d 68, 72 (1965),

and (2) those carved out in New Jersey Court Rule 4:42–9. The purpose of the court rule, which allows the prevailing plaintiff in a foreclosure to collect attorney's fees up to a certain limited amount, is to "encourage[ ] the making of mortgage loans and permit New Jersey borrowers to compete more effectively for mortgage funds ... because lenders know they will recover all or a part of their attorney's fees if forced to foreclose a mortgage." *Collective Federal Savings & Loan v. Toland,* 207 N.J.Super. 157, 504 A.2d 59, 62 (App.Div.1985). Notably, however, the rule limits the amount of counsel fees that the lender may collect, regardless of how much the lender actually spends on attorney services in the foreclosure action. This is consistent with the development of New Jersey's policy of protecting homeowners' interests and the opportunities to keep their homes, which culminated in the Fair Foreclosure Act.

The New Jersey Fair Foreclosure Act, ("FFA" or "the Act"), N.J. Stat. Ann. §§ 2A:50–53 to 50–68 (West 2000), governs foreclosure proceedings in New Jersey. The Act reflects New Jersey's policy of giving homeowners every opportunity to pay their home mortgages and keep their homes. *Luciani v. Hill Wallack,* 329 N.J.Super. 170, 746 A.2d 1097, 1100 (Ch. Div.1999). The legislature codified this policy in the Act.

2A:50–54. Legislative findings and declaration

The Legislature hereby finds and declares it to be the public policy of this State that homeowners should be given every opportunity to pay their home mortgages, and thus keep their homes, and that lenders will be benefited when residential mortgage debtors cure their

---

1. To the extent that such provisions occur in an agreement, they will be strictly construed

by the courts. *Id.*

defaults and return defaulted residential mortgage loans to performing status. N.J. Stat. Ann. § 2A:50–54 (West 2000). Under the Act, the homeowner has the right to cure a default at any time before final judgment of foreclosure. The FFA specifically approves of curing default in a bankruptcy plan. N.J. Stat. Ann. § 2A:50–59 (West 2000). To that end, "the legislature has created an elaborate scheme of procedural protections for homeowners ... [including] a prohibition on lenders imposing on a debtor any charge, fee or penalty as a condition to curing a default." *Luciani*, 746 A.2d at 1100–01. While the Act allows lenders to include attorney's fees in calculating the amount needed to cure default, it limits the amount of fees to "the amount permitted under the Rules Governing the Courts of the State of New Jersey." N.J. Stat. Ann. § 2A:50–57(b)(3) (West 2000).

■ The pertinent court rule sets up a percentage formula, based on the fully accelerated outstanding mortgage balance, for determining the appropriate attorney's fees. *Nat'l City Mortgage v. Smith*, 324 N.J.Super. 509, 735 A.2d 1221, 1225 (Ch. Div.1999); *R.* 4:42–9(a)(4). After determining the payoff figure, the allowed fees are calculated based on 3.5% of the first $5,000.00 owed, 1.5% of the next $5,000.00, and 1% of the amount over $10,000.00. *Id.* This formula sets forth the maximum amount of attorney's fees allowable and is binding regardless of the amount of fees actually incurred by the mortgagee in its attempts to foreclose the subject property. *Stewart Title Guar. Co. v. Lewis*, 347 N.J.Super. 127, 788 A.2d 941, 948 (Ch.Div. 2001).[2]

In *Stewart Title*, the plaintiffs, after successfully moving for relief from the automatic stay in the debtor's chapter 13 case, returned to state court to seek additional attorney's fees not included in their final judgment of foreclosure. *Stewart Title Guar. Co.*, 788 A.2d at 941–42. The defendants had engaged in elaborate, and often illegal, machinations to prevent the plaintiffs from foreclosing on the subject property, causing the plaintiffs to incur a hefty $23,000 in attorney's fees. *Id.* at 941–44. The foreclosure judgment, once finally obtained, only allowed for $1,433.25 in attorney's fees in accordance with the formula set forth in the New Jersey Court Rules. *Id.* at 942. Plaintiffs sought to amend the judgment to include the additional fees they had incurred. *Id.* Although the court recognized that the plaintiffs had been "greatly wronged" by the defendants' conduct and expressed a desire to grant their motion, at the same time, it was "abundantly satisfied that R.4:42–9(a)(4) prohibit[ed] such a result." *Id.* at 948. The plaintiffs' motion was denied.

■ In the state law context, once a mortgagee obtains a foreclosure judgment, its rights are limited to satisfaction of the judgment. *Coastal State Bank*, 411 A.2d at 1174. If a debtor tenders the amount of the judgment to the mortgagee immediately upon entry of the judgment, the debtor is entitled to have the judgment marked satisfied. *Id.* (citing N.J. Stat. Ann. § 2A:50–32). Even after a sheriff's sale takes place, a debtor may redeem the property by tendering the amount of the judgment, accrued interest and costs to-

---

2. The court recognized one exception where the amount of fees allowed under the rule exceeded the fees actually incurred by 600%. *Luciani*, 746 A.2d at 1100. In that case, the court held that is has discretion to order that a lower fee be paid if it determines that the amount allowed by the statute is unreasonably large given the work done in the case. *Id.* Such discretion can only be applied to reduce the fee, not to enlarge it. *Stewart Title Guar. Co.*, 788 A.2d at 948.

gether with interest on the deposit made at the sale. *Id.* There is no reason why the debtor should have to pay more in bankruptcy than outside of it. In fact, such a result would provide a windfall to secured creditors and harm the interests of unsecured creditors who would then receive a smaller percentage of the debtor's income towards their claims.

Finally, where the mortgagor defaults, New Jersey requires a holder of a residential mortgage and note to foreclose on the property first, and only if a deficiency develops after the foreclosure sale may the mortgagee bring an action on the note. N.J. Stat. Ann. § 2A:50–2 (West 2000). Although New Jersey at one time allowed the mortgagee of a residential property to choose to sue on the note first and collect additional attorney's fees, the legislature has prohibited that since May 1, 1980. *Id.; Central Penn National Bank v. Stonebridge Ltd.,* 185 N.J.Super. 289, 448 A.2d 498, 505 (Ch.Div.1982). This, again, reflects New Jersey's policy of protecting the mortgagor and making the mortgaged premises primarily answerable for the debt it secures. *79–83 Thirteenth Avenue, Ltd. v. De Marco,* 44 N.J. 525, 210 A.2d 401, 405 (1965).

 Wachovia also seeks to collect fees for the work performed in connection with the debtor's two bankruptcy filings. However, once a lender has obtained a judgment that includes reasonable attorney's fees, the lender may not thereafter amend the judgment to include additional fees for post judgment services rendered, unless the underlying agreement explicitly states that such fees are allowed. *Hatch,* 726 A.2d at 309. As Judge Pressler noted, "a contrary construction [of the typical attorney's fees clause in a contract] would have substantial potential for abuse, for unduly burdening consumer and other commercial transactions, for indefinitely

delaying finality, and for spawning a host of ancillary litigation." *Id.* Here, the express language of the debtor's mortgage only permits the collection of fees in the foreclosure proceeding. Any additional attorney's fees for the bankruptcy work would be unsupported by the underlying agreement.

Nor could Wachovia argue that it was entitled to collection fees under the note. First, Wachovia did not sue on the note, it foreclosed. To the extent that the actions taken by Wachovia, namely filing a proof of claim in each case and a pro forma objection to the debtor's plan in his first case, relate to either of the obligations signed by the debtor, they relate back to the foreclosure proceeding. They have no connection to the note. Second, work done in a bankruptcy proceeding does not amount to post-judgment collection efforts. Actions taken in bankruptcy proceedings are part of a unique, separate matter governed by the bankruptcy code. In fact, once a debtor files for bankruptcy, all efforts by creditors to collect on pre-petition debts must immediately stop because of the automatic stay. 11 U.S.C. § 362(a) (1993 & Supp.2003).

 Nor is there any "general right to attorneys' fees for actions in bankruptcy." *Collingwood Grain, Inc. v. Coast Trading Co.,* 744 F.2d 686, 693 (9th Cir.1984). Fees may be awarded only where: (1) a contract provides for payment of attorney's fees; (2) a statute provides an allowance of attorney's fees; (3) a recovered fund or property confers a "common benefit," as in a class action suit; (4) a party willfully disobeys a court order; or (5) a court finds that the losing party has acted " 'in bad faith, vexatiously, wantonly or for oppressive reasons.' " *Cityside Archives, Ltd. v. New York City Health and Hosp. Corp.,* 37 F.Supp.2d 652, 656–657 (D.N.J. 1999) (citing *Skehan v. Board of Trustees*

*of Bloomsburg State College,* 538 F.2d 53, 56 (3d Cir.), *cert. denied,* 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976)) (internal citations omitted). In order for Wachovia to be able to collect fees for the work performed in the bankruptcy cases, it would have to show that it was entitled to such fees under one of the exceptions above.[3]

Thus, it is clear that New Jersey courts would be unlikely to rule that a mortgagee could recover additional attorney's fees beyond the amount allowed in the foreclosure judgment. Under § 1322(e), Wachovia is not entitled to the additional fees in order to cure its arrears under applicable nonbankruptcy law.

Wachovia argues that it is entitled to its attorney's fees under 11 U.S.C. § 506(b) even though the fees might not be allowed under state law. Under § 506(b), an oversecured creditor may collect interest on its claim and any reasonable fees allowed in the underlying agreement. 11 U.S.C. § 506(b) (1993 & Supp.2003). This argument ignores the plain language of the 11 U.S.C. § 1322(e) which begins, "[n]otwithstanding ... section[ ] 506(b) ... of this title," and states that the amount necessary to cure the arrears under a chapter 13 plan is determined in accordance with both the underlying agreement and nonbankruptcy law. 11 U.S.C. § 1322(e).

Nor would collection of any additional fees beyond those allowed in the foreclosure judgment be allowed per the terms of the underlying agreement. The mortgage in the instant case specifically limits Wachovia's ability to collect fees to those incurred in the foreclosure proceeding. Any fees incurred in the context of the debtor's bankruptcy cases are not covered by the terms of the mortgage. Because additional attorney's fees would not be allowed under applicable nonbankruptcy law or in the underlying agreement, Wachovia may not include them in its proof of claim.

### Conclusion

In a chapter 13 plan to cure a default on a mortgage, the amount required to cure is determined by examining the underlying agreement and applicable nonbankruptcy law. In New Jersey, the laws governing attorney's fees and foreclosure actions limit the amount of fees recoverable from a mortgagor to the amount derived from the formula in New Jersey Court Rule 4:42–9(a)(4). Because state law limits attorney's fees to the amount set forth in the foreclosure judgment, Wachovia may not include additional fees in its proof of claim.

The Debtor's motion to modify Wachovia's proof of claim is granted. The attorney's fees in the proof of claim are reduced from $4,441.20 to $919.30. The allowed claim for arrears totals $12,031.41 and consists of $1,319.24 in foreclosure taxed costs, including the attorney's fees, $94.14 for sheriff's costs, $10,176.67 in delinquent mortgage installments, and $440.66 in late fees. Wachovia's cross motion to amend its proof of claim is denied.

---

**3.** This holding is limited to the amount necessary to cure arrears under section 1322(e). There may be other circumstances where the court will require the debtor to pay a mortgagee's attorney's fees and express such as a condition for maintaining the automatic stay following a post petition or post confirmation default by the debtor.