NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4440-13T3
 A-2284-14T1
 A-2299-14T1

TANGIBLE SECURED FUNDING, INC.,
(Substituted for Plaintiff
General Electric Credit Corporation),

 Plaintiff-Respondent,

v.

IMAGING CENTER OF ORADELL, LLC,
JOHN M. MAVROUDIS, THOMAS DINARDO,
and JOSEPH F. BELASCO,

 Defendants,

and

MICHAEL J. MAVROUDIS,

 Defendant-Appellant,

and

IMAGING CENTER OF ORADELL, LLC,

 Third-Party Plaintiff,

v.

NORTH MOUNTAIN HEALTHCARE, LLC,
and GE HEALTHCARE,

 Third-Party Defendants.
_______________________________
TANGIBLE SECURED FUNDING, INC.,

 Plaintiff-Respondent,

v.

IMAGING CENTER OF ORADELL, LLC,
 THOMAS DINARDO, and JOSEPH F. BELASCO,

 Defendants,

and

JOHN M. MAVROUDIS and
MICHAEL J. MAVROUDIS,

 Defendants-Appellants,

and

IMAGING CENTER OF ORADELL,
LLC,

 Third-Party Plaintiff,

and

NORTH MOUNTAIN HEALTHCARE,
LLC, and GE HEALTHCARE,

 Third-Party Defendants.
_______________________________

ANNE MAVROUDIS and JOHN
MAVROUDIS,

 Plaintiffs-Appellants,

v.

GENERAL ELECTRIC CAPITAL
CORPORATION and the SHERIFF
OF BERGEN COUNTY,

 Defendants-Respondents.

 2 A-4440-13T3
_______________________________________________________________

 Submitted January 31, 2017 – Decided June 23, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 Nos. L-825-11 and L-2249-13.

 Mavroudis Law, LLC, attorneys for appellants
 (John M. Mavroudis, Philip L. Guarino and
 Michael D. Camarinos, on the briefs).

 Pfund McDonnell, PC, attorneys for
 respondent Bergen County Sheriff's Office
 (Michael A. Augello, Jr., on the brief).

 Respondent Tangible Secured Funding, Inc.
 has not filed a brief.

 Respondent General Electric Capital has not
 filed a brief.

PER CURIAM

 These three appeals, which we have consolidated for purposes

of writing one opinion, all relate to Tangible Secured Funding,

Inc.'s (Tangible) pursuit of the satisfaction of a judgment

previously entered in its predecessor's favor against Michael J.

Mavroudis and John M. Mavroudis. We affirmed the judgment in an

earlier opinion. See Gen. Elec. Capital Corp. v. Imaging Ctr. of

Oradell, LLC., No. A-3001-11 (App. Div. June 12, 2013) (slip op.

 3 A-4440-13T3
at 11-12). Michael1 now appeals (A-4440-13) from the Law

Division's May 22, 2014 denial of his application for a statutory

exemption for household goods and furniture, N.J.S.A. 2A:26-4. He

and John also appeal (A-2284-14) from the court's award of

$1,433,496.10 in counsel fees and costs in the action underlying

the judgment. John and his wife, Anne Mavroudis, appeal (A-2299-

14) from a $67,219.93 counsel fee and cost award in a separate

action they filed against Tangible seeking to exclude certain

personal property – a painting – from being levied upon by the

Bergen County Sheriff.2

 We affirm the denial of the statutory exemption sought by

Michael, but vacate and remand the counsel fee awards in the

remaining matters for the reasons that follow.

 The material facts as gleaned from the various motion records

are not in dispute and can be summarized as follows. The Law

Division entered the underlying judgment in 2012 against Michael,

1
 In order to avoid confusion created by the parties' common
surname, we refer to them by their first names.
2
 We previously considered that matter as well in an earlier
opinion, in which we rejected Anne's and John's challenge to "a
November 1, 2013 order finding them in contempt for violating two
court orders and, as a sanction, requiring them to pay $10,000 and
[Tangible]'s counsel fees and costs. We affirm[ed] in all respects
except with regard to the $10,000 sanction, which we reverse[d]
and remand[ed]." Mavroudis v. Tangible Secured Funding Inc., No.
A-1118-13T1 (App. Div. June 14, 2016) (slip op. at 2).

 4 A-4440-13T3
John, and others for in excess of $2.5 million as a result of

defendant, Imaging Center of Oradell, LLC's (ICO), breach of an

equipment lease between it and Tangible's predecessor, General

Electric Capital Corp. (GECC), and based upon Michael's and John's

status as guarantors of ICO's performance. See Gen. Elec. Capital

Corp., supra, slip op. at 1-5. The court also determined that,

based on the provisions of the parties' agreements, GECC was

entitled to attorneys' fees, but it could not fix the amount due

to deficiencies in the information supplied by GECC's counsel.3

 After the entry of the judgment, the court issued a writ of

execution, and the Office of the Bergen County Sheriff levied on

what it determined to be Michael's assets4 and scheduled a sale.

Michael filed an objection to the levy and an election of

exemptions, asserting he was entitled to two $1,000 exemptions,

one for household goods and furniture under N.J.S.A. 2A:26-4, and

3
 In the ensuing appeal, in addition to affirming the entry of
the judgment, we remanded for consideration of the open issue of
counsel fees and costs. Id. at 16.
4
 In 2014, when Tangible sought to have the Bergen County Sheriff
levy on personal property in Michael's home, a dispute arose about
the property's ownership between Tangible, Michael's former wife
Vanessa, and two entities that claimed ownership to a car and
certain items located in Michael's and Vanessa's former marital
home. The Law Division released the property claimed by the two
entities from the levy and dismissed Vanessa's action without
prejudice to her filing a separate action. Vanessa never pursued
the claim.

 5 A-4440-13T3
another for personal property under N.J.S.A. 2A:17-19. The sale

took place, and the next day the court considered the issue of the

exemptions. At the hearing, Michael asserted that the property

in the house belonged to his former wife under their property

settlement agreement.5 After considering Michael's and the Bergen

County Sheriff's positions, the court granted the exemption for

the personal property, but refused to grant Michael an additional

exemption for household goods and furniture. The court entered

its May 22, 2014 order memorializing its decision, and Michael

filed his appeal from that order.

 Later in 2014, Tangible's attorneys filed a motion for an

order fixing the amount of the counsel fees and costs awarded in

the 2012 judgment against Michael and John and for the same relief

for services rendered through June 2014, without prejudice to

future applications for fees incurred after that date. Tangible

filed a separate motion to fix the amount of fees that the court

awarded in its November 1, 2013 order finding John and Anne in

contempt for attempting to alienate the painting. In support of

its fee applications, Tangible's attorneys submitted

5
 On January 7, 2014, the Family Part entered a final judgment
of divorce that incorporated their property settlement agreement.
The settlement agreement stated that "[h]usband and [w]ife agree
that all personal property in the marital home shall be the
property of the [w]ife."

 6 A-4440-13T3
certifications, detailing the tasks performed, and an expert

report asserting the work done was reasonable. The submission

included billing records for work performed by Arlene N. Gelman,

Esq., and Daniel P. Jackson, Esq., who were attorneys admitted in

other jurisdictions. Gelman was eventually admitted to New Jersey

pro hac vice, but Jackson never made application for admission.

The Mavroudises' attorney and John filed certifications in

opposition to Tangible's motions. Both matters were scheduled for

oral argument, which the court held on November 21, 2014.6

 At oral argument, the Mavroudises argued it was inappropriate

for the court to award fees generated by attorneys practicing law

in New Jersey without a license. They noted that Gelman and

Jackson billed for services that were performed before Gelman was

admitted pro hac vice and Jackson never sought admission pro hac

vice. Additionally, they claimed the hourly rates were

unreasonable, and, in any event, Tangible was not entitled to

post-judgment attorneys' fees, as the parties' agreements did not

contain a provision for payment of post-judgment collection fees

or costs. As to the counsel fee application relating to the action

filed by John and Anne, they argued that the work performed

6
 The application was considered by a different Law Division
judge than the one who denied Michael's application for the second
exemption.

 7 A-4440-13T3
relating to the pursuit of an unsuccessful action in New York

should not be considered by the court.

 On December 5, 2014, the court entered an order, accompanied

by a statement of reasons, awarding Tangible attorneys' fees and

costs incurred in the action filed by Anne and John in the amount

of $74,486.93 to be paid by Anne and John, "jointly and severally."

On December 15, 2014, the court amended its order, reducing the

fees and costs awarded to $67,219.93.

 In its statement of reasons, the court relied upon a rate for

Tangible's attorneys' fees that was established by another judge

in a separate action involving the same parties. The other judge

relied upon his "experience as a former practicing attorney and

current judge in Bergen County" to determine that the proper rate

to be applied was "$400 per hour for the lead counsel, and $300

per hour for associate counsel," rather than the hourly rate in

excess of that sought by counsel. Based on the other judge's

assessment, the court here determined that it should apply the

same rate and that the adjusted full amount should be awarded

based on the amount involved - the $2,503,551.90 judgment - and

that "Tangible prevailed in every action arising in this case."

 As to John's and Anne's argument that the New York action was

unnecessary, the court stated "Tangible filed that action in New

York in order to preclude [the] transfer[ of] any money to the

 8 A-4440-13T3
[plaintiffs] after the sale of the painting." Although "[t]he New

York action was ultimately dismissed due to the pending New Jersey

action . . . , the New York action was required, despite the

ultimate results." Finally, the court stated Tangible's attorneys

are experts in their respective fields, and due to plaintiffs'

conduct, Tangible was forced to act quickly, which required senior

attorneys most familiar with the matter to do work that would

typically be delegated to associates.

 On December 8, 2014, the court entered an order, accompanied

by a statement of reasons, awarding Tangible attorneys' fees and

costs in the amount of $1,433,496.10 to be paid by Michael and

John, "jointly and severally." On January 13, 2015, it entered a

supplemental order, removing language from the prior order that

required Michael and John to pay the award within seven days.

 In determining the reasonableness of the fees expended by

Tangible's counsel, the court did not comment on the Mavroudises'

argument regarding the award of fees for services performed by

attorneys not admitted to practice in New Jersey. In its

consideration of the reasonableness of the rate charged by

Tangible's counsel, the court again relied upon the fee award made

by the other judge in the separate action and again reduced the

rate sought by Tangible's counsel. Finally, the court rejected

the Mavroudises' argument that post-judgment collection fees could

 9 A-4440-13T3
not be awarded, relying on what the court perceived to be a

"[p]ublic policy [that] require[s] attorneys['] fees and costs be

awarded post-judgment . . . due to the Mavroudises' litigation

tactics," and the language of the guaranty that required "the

defaulting party to pay attorney[s'] fees and costs," which the

court believed encompassed a default in the payment of the 2012

judgment.7

 Michael, John, and Anne filed appeals from these attorneys'

fees awards.

 We begin our review by considering Michael's argument that

he was entitled to a $1,000 exemption pursuant to N.J.S.A. 2A:26-

4, and conclude it is without sufficient merit to warrant

discussion in a written opinion.8 R. 2:11-3(e)(1)(E). Suffice it

to say, the statute he relies upon states "[h]ousehold goods and

7
 The clause in the guaranty stated: "Undersigned does hereby
further guarantee to pay upon demand . . . attorneys['] fees and
expenses which may be suffered by you by reason of [c]ustomer's
default or default of the undersigned."
8
 Michael also raises an issue about the court not adjudicating
his last minute argument that the property being levied upon
belonged to his ex-wife, Vanessa. As the judge made clear at the
hearing, it was not going to consider the amended objection
submitted by Michael that morning and proceeded to consider only
the exemption issue. As the issue of Vanessa's ownership was not
properly raised before the court, we choose not to consider it on
appeal for the first time. See Nieder v. Royal Indem. Ins. Co.
62 N.J. 229, 234 (1973). We only observe that Vanessa chose not
to pursue her claim as noted supra.

 10 A-4440-13T3
furniture not exceeding $1,000.00 in value of a person shall be

exempt from attachment." N.J.S.A. 2A:26-4 (emphasis added).

Contrary to Michael's argument, however, his property was never

subjected to the pre-judgment attachment of property that N.J.S.A.

2A:26-4 addresses, as compared to post-judgment execution and

levy. Compare N.J.S.A. 2A:17-19 (addressing exemption governing

post-judgment executions), and Borromeo v. DiFlorio, 409 N.J.

Super. 124, 136 (App. Div. 2009), with N.J.S.A. 2A:26-4, Pomeroy

v. Simon, 17 N.J. 59, 65 (1954), and In re Estate of Balgar, 399

N.J. Super. 426, 439-40 (Ch. Div. 2007).

 Next, we consider the Mavroudises' challenge to the court's

counsel fee awards. On appeal, they argue that there was no basis

to award fees and costs for Tangible's attorneys' services and

fees should not have been awarded for services rendered by

attorneys who were not admitted to practice in New Jersey. In

addition, they contend Michael should not have been charged for

fees incurred in an action in which he was never involved and that

the court erred in awarding post-judgment attorneys' fees and

costs. They also argue that the fees billed were unreasonable or

unnecessary. In the action filed by John and Anne, they contend

that the court did not focus on the contempt matter, but rather

matters stemming from the 2012 judgment. Moreover, they assert

Tangible's research costs were excessive, and that the court erred

 11 A-4440-13T3
in awarding fees for work following the November 1, 2013 contempt

order. Also, they argue the New York action was unnecessary, the

hourly rates were not customary, and work was not properly

delegated.

 We review fee awards for an abuse of discretion. Rendine v.

Pantzer, 141 N.J. 292, 317 (1995). Fee determinations made by

trial courts "will be disturbed only on the rarest occasions."

Ibid. See also Packard-Bamberger & Co. v. Collier, 167 N.J. 427,

444 (2001).

 Applying the abuse of discretion standard, and after

considering the Mavroudises' and Tangible's contentions in light

of the record and our review of the applicable legal principles,

we conclude that the counsel fee award in both actions was a

misapplication of the court's discretion. We vacate and remand

for reconsideration.

 The party seeking attorneys' fees bears the burden of proving

they are entitled to an award and that the fees sought are

reasonable. Green v. Morgan Props., 215 N.J. 431, 455 (2013).

When considering an award of legal fees, we are mindful that under

the "American Rule," generally, each party is required to pay its

own attorney[s'] fees and other litigation costs. Rendine, supra,

141 N.J. at 322. For that reason, attorneys' fees are only

recoverable "if they are expressly provided for by statute, court

 12 A-4440-13T3
rule, or contract." Litton Indus., Inc. v. IMO Indus., Inc., 200

N.J. 372, 385 (2009) (quoting Packard-Bamberger, supra, 167 N.J.

at 440). Accordingly, prevailing parties to a contract action may

seek attorneys' fees where the underlying contract includes a fee-

shifting provision. Id. at 386. Such contractual provisions

will, however, be strictly construed in light of the general policy

disfavoring counsel fee awards. See N. Bergen Rex Transp., Inc.

v. Trailer Leasing Co., 158 N.J. 561, 570 (1999).

 We have held that contractual agreements to pay attorneys'

fees must expressly provide for post-judgment collection services

if they are to be enforceable. See Hatch v. T & L Assocs., 319

N.J. Super. 644, 649 (App. Div. 1999). The obligation to pay

attorneys' fees for post-judgment collection efforts has to be

clear and specifically provided for. Ibid. Unless the agreement

is express as to the obligation for post-judgment collection

efforts, we will not construe it as imposing that obligation.

Ibid.

 Attorneys' fees can only be recovered for services rendered

by attorneys admitted to practice in New Jersey, those admitted

pro hac vice, and those "preparing for a proceeding in which the

lawyer reasonably expects to be so admitted and is associated in

that preparation with a lawyer admitted to practice in this

jurisdiction." RPC 5.5. "Recovery of compensation for legal

 13 A-4440-13T3
services by one not authorized to practice law will not be

permitted . . . ." Slimm v. Yates, 236 N.J. Super. 558, 564 (Ch.

Div. 1989). "The 'no recovery for unauthorized practice' rule

also applies to out-of-state attorneys practicing in New Jersey

in violation of Court Rules." Mitchels, New Jersey Attorney

Ethics, 981 (2017) (citing Appell v. Reiner, 81 N.J. Super. 229,

241 (Ch. Div. 1963), rev'd on other grounds, 43 N.J. 313 (1964)).

 The calculation of attorneys' fees requires the trial court

to determine the lodestar, the "number of hours reasonably expended

by the successful party's counsel in the litigation, multiplied

by a reasonable hourly rate." Litton, supra, 200 N.J. at 386.

The trial court must "evaluate carefully and critically the

aggregate hours . . . advanced by counsel for the prevailing party

to support the fee application." Rendine, supra, 141 N.J. at 335.

The court should "exercise its discretion to exclude" from the

lodestar calculation hours found to be "excessive, redundant, or

otherwise unnecessary," Id. at 335-36 (quoting Rode v.

Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)), and it should

award fees only if the party prevailed in the underlying action.

Litton, supra, 200 N.J. at 386. A party will be considered

prevailing, "if they succeed on any significant issue in litigation

which achieves some of the benefit the parties sought in bringing

suit." R.M. v. Supreme Court of N.J., 190 N.J. 1, 9-10 (2007)

 14 A-4440-13T3
(quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933,

1939, 76 L. Ed. 2d 40, 50 (1983)). The party seeking fees must

then "establish that the 'lawsuit was causally related to securing

the relief obtained; a fee award is justified if [the party's]

efforts are a necessary and important factor in obtaining relief.'"

Litton, supra, 200 N.J. at 386 (alteration in original) (quoting

N. Bergen, supra, 158 N.J. at 570).

 Applying these guiding principles, we take issue with the

scope of the fee awards to the extent they included matters in

which a party was not involved or went beyond the appropriate time

frame. Also, the fee awards here were improper to the extent they

included fees for services rendered by an attorney – Jackson –

who was never admitted to practice in this state. The appropriate

time period for the action in which John and Michael were found

liable terminated with the entry of the judgment, as there was no

contractual provision allowing for post-judgment collection

efforts, regardless of their alleged bad faith.9 In the same vein,

9
 We observe that the security agreement signed by ICO sets forth
obligations as to collateral and provides the "[o]bligor shall
reimburse [c]ompany for any expenses incurred by [c]ompany in
protecting or enforcing its rights under this [a]greement before
and after judgment, including, without limitation, reasonable
attorney[s'] fees and legal expenses." (Emphasis added).
However, Tangible did not assert any breach of obligation stemming
from the security agreement nor did the judge rely on that
agreement in making her award.

 15 A-4440-13T3
the award of counsel fees for services rendered after the entry

of the November 1, 2013 contempt order should not have been made

by the court in the action filed by John and Anne. If additional

fees were being sought after the entry of the order, at a minimum,

they would have had to be the subject of an additional application.

Additionally, a person can be responsible for counsel fees in an

action only to the extent he or she was a party. The counsel fee

award therefore must also be vacated to the extent it imposed on

one of the Mavroudises an obligation to pay for fees in any action

in which he or she was not a party.10

 The order of the Law Division denying Michael the second

exemption he claimed is affirmed; the awards of counsel fees in

both of the remaining actions are vacated and remanded for

reconsideration.

 Affirmed in part, vacated and remanded in part. We do not

retain jurisdiction.

10
 In its certification, Tangible lists five actions that were
related, yet tangential to the judgment for which it was awarded
attorneys' fees. For example, Tangible billed for tasks completed
in relation to John's bankruptcy proceeding (this action did not
involve Michael), an action commenced by John and his wife Anne
regarding ownership of personal property (this action did not
involve Michael), and an action commenced by two entities asserting
ownership interest in personal property at John's residence (this
action involved non-judgment debtors).

 16 A-4440-13T3